United States District Court
Southern District of Texas
FILED

JUL 1 2 2004

Michael N. Milby
Clerk of Court

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **VIDAL CANTU JR.,** | § | |
| **Plaintiff** | § | |
| | § | **B - 04 - 1 1 8** |
| **vs.** | § | CIVIL ACTION NO. _____ |
| | § | |
| **THE PORT OF BROWNSVILLE and** | § | |
| **DEBORAH LEE DUKE,** | § | |
| **Defendants** | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **VIDAL CANTU JR.**, hereinafter referred to by name or as Plaintiff, complaining of **the Port of Brownsville** and **Deborah Lee Duke**, hereinafter referred to separately by name or collectively as Defendants, and, for such cause of action, would respectfully show unto the Court and Jury as follows:

### I.
### Parties

1. Plaintiff **Vidal Cantu Jr.** is an individual who resides in Cameron County, Texas. At all times mentioned in this complaint, Plaintiff was employed by the Port of Brownsville as either a receptionist or accounting clerk in Brownsville, Texas.

2. Defendant **Port of Brownsville** is governed by the Brownsville Navigation District, a political subdivision of the State of Texas. Defendant may be served with process by serving its Port Director and CEO, **Raul A. Besteiro**, at the Port of Brownsville located at 1000 Foust Road, Brownsville, Cameron County, Texas 78521.

3.    Defendant **Deborah Lee Duke** is an individual who is a resident of Texas and an administrator for Defendant Port of Brownsville. Defendant may be served at the Port of Brownsville located at 1000 Foust Road, Brownsville, Cameron County, Texas 78521.

## II.
### Facts

4.    The injuries and damages suffered by the Plaintiff Vidal Cantu Jr. and made the basis of this civil action arose out of a series of occurrences which took place between the years 1997 through 2004, including the present. During such time and place and still today, Plaintiff Vidal Cantu Jr. serves as an employee of Defendant Port of Brownsville. Specifically, he is an accounting clerk in its Accounting Department under the supervision of Defendant Deborah Lee Duke. During the entire period of his employment, Plaintiff has been a loyal, honest, dedicated, hardworking employee, who has eagerly worked towards advancement within the company.

5.    Plaintiff was hired by the Port of Brownsville on or about August, 27, 1993. Plaintiff started working as a receptionist where Defendant Deborah Lee Duke was one of his supervisors.

6.    On or about April 30, 1997, Plaintiff Vidal Cantu Jr's made an attempt to be "cross-trained" in his department by applying for the position of Bookkeeping Specialist 1. He was sent a denial letter from Defendant Deborah Lee Duke stating that the reason he was overlooked for this opportunity was due to the fact that she did not have the time to train him.

7.    Thereafter, Plaintiff was assigned the task of accounts payable but was not properly trained by Defendant Deborah Lee Duke. In a meeting between Deborah Lee Duke and the Plaintiff behind closed doors, she expressed that she had reservations about Plaintiff picking up this job task and that if he did not pick it up, she was going to have to fire him.

8.    On or about June 10, 1999, a second Accounting Clerk, Veronica Ramos, was hired. Plaintiff was to be trained on everything which Veronica Ramos was trained. This did not happen even though the Plaintiff had years of experience above the new employee.

9.    In February 2000, a new receptionist, Letty Gonzalez, was hired. She ended up getting paid more money than Plaintiff who had years of experience and at the same time the Plaintiff was still being assigned solely receptionist duties.

10.    About this time, Plaintiff had filed a Charge of Discrimination 360A10730 with the EEOC (hereinafter referred to as "previous EEOC charge"). This previous EEOC charge resulted in a mediation settlement agreement signed on May 29, 2001, wherein Plaintiff was assured he would receive more on-th-job training.

11.    However, little had changed. Plaintiff tried on several occasions to express the discrimination he felt to management. Unfortunately, Defendant Deborah Lee Duke was also the Personnel Manager. Therefore, Plaintiff felt as though he could not complain to her as she was the one who was committing the discriminatory and retaliatory acts.

12.    In January 2003, a new Personnel Manager, Lynn Saban, was assigned. Even then, because of her lack of experience, Saban was being trained by Defendant Deborah Lee Duke. Because of such, Plaintiff was still in fear of expressing his situation.

13.    During January of 2002, Defendant Deborah Lee Duke became aware that the Plaintiff had filed another claim with the EEOC due to the fact that he felt that Defendants were in violation of the mediation settlement agreement of the previous EEOC charge. Defendant then held a meeting with the Plaintiff expressing to him that his job performance was not improving. Plaintiff felt as though this was a threat of termination because he filed Charge

of Discrimination with the EEOC.

14.    Plaintiff Vidal Cantu Jr. is still employed by Defendant.  However, he is subjected to discriminatory and retaliatory treatment due to his gender, male, and the fact that he complained of the preceding discrimination and other discriminatory acts by Defendants.

**IV.**
**Exhaustion of Administrative Procedures**

15.    Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant.  Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.  A copy of the notice of the right to sue is attached as **Exhibit A**.

**V.**
**Count 1 – Discrimination under Title VII**
**Based on Gender**

16.    Plaintiff hereby incorporates by reference paragraphs III and IV.

17.    Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely his gender.  42 U.S.C. § 2000e(f).

18.    Defendant is an employer within the meaning of Title VII.  42 U.S.C. § 2000e(b).

19.    Defendant intentionally discriminated against Plaintiff because of his gender in violation of Title VII by refusing to train him or promote him for various positions within its Accounting/Finance Department even though it trains and promotes females with same qualifications.

20.    The conduct of the Defendants complained of constitute discrimination and retaliation on the basis of the gender (male) of the Plaintiff.  Plaintiff's lack of training or promotion further constitutes retaliation for his opposition to a discriminatory practice and as a result

of voicing a complaint.  The Defendants' discriminatory and retaliatory conduct detailed above, created a hostile work environment extremely detrimental to Plaintiff's emotional and physical health, interfering with Plaintiff's work  performance and which caused him acute emotional distress as well as physical manifestations for which he sought medical treatment. Defendants, their agents, servants, and employees improperly permitted such discriminatory and retaliatory conduct to occur.  As such, the Plaintiff sues the port Defendant for the acts of Defendant Deborah Lee Duke, as well as the passive indifference exhibited by the management, employees and agents of the Defendant company.

## VI.
### Count 2 – Defamation

21.    Plaintiff hereby incorporates by reference paragraphs III through V.

22.    Defendant Deborah Lee Duke has published statements to third parties referring to Plaintiff which are defamatory and false.

23.    Defendant Deborah Lee Duke has intentionally published these statements and acted with actual malice in hopes of sabotaging Plaintiff's job with the Port of Brownsville.

24.    As a result of Defendant's actions, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirement of this Court.  Plaintiff sues Defendant Deborah Lee Duke as a result of such actions.

## VII.
### Count 3 – Intentional Infliction of Emotional Distress

25.    Plaintiff hereby incorporates by reference paragraphs III through VI.

26.    Plaintiff Vidal Cantu Jr. asserts that Defendant Deborah Lee Duke's actions, which constitute extreme and outrageous conduct, were committed intentionally and/or recklessly

and their purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendant's actions caused Plaintiff mental as well as physical pain.

27.    As a result of Defendant's actions, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirement of this Court. Plaintiff sues Defendant Deborah Lee Duke as a result of such actions.

## VIII.
## Count 4 – Breach of Contract

28.    Plaintiff hereby incorporates by reference paragraphs III through VII.

29.    During June of 2001, Defendants breached its mediation settlement agreement with Plaintiff. At that time, Defendants refused to provide Plaintiff with on-the-job training, thereby breaching its contract with Plaintiff. *See* **EXHIBIT B**.

30.    As a result of Defendants' actions, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirement of this Court. Plaintiff sues Defendants as a result of such actions.

## IX.
## Count 5 – Negligence

31.    Plaintiff hereby incorporates by reference paragraphs III through VIII.

32.    Plaintiff further claims that the Defendants were negligent in breaching a duty of care owed to him as follows:

a.    In failing to take protective measures to prevent future harassment or discrimination;

b.    In failing to take prompt remedial action;

c.    In failing to provide a safe work environment for Plaintiff;

d.    In failing to provide appropriate measures to discourage and/or prevent

discrimination and retaliation in the workplace;

e.    In failing to provide adequate training regarding conduct which constitutes discrimination and retaliation; and

f.    In failing to protect employees from similar situations.

33.    These abovementioned breaches of the Defendants' duty of care have caused Plaintiff damages in an amount which exceeds the minimum jurisdictional requirement of this Court. Plaintiff sues each of the Defendants as a result of such actions.

## X.
## Actual Damages

34.    Plaintiff hereby incorporates by reference paragraphs III through IX.

35.    As a result of the incidents made the basis of this suit, Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court but less than $500,000.00. The damages are as follows:

### Lost Earnings

36.    Plaintiff sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

### Past and Future Physical and Mental Anguish

37.    As a result of the incidents described above, that are made the basis of this suit, Plaintiff has suffered physical as well as severe mental pain and anguish. Such emotions include feelings of intimidation, worthlessness and inferiority. Plaintiff has further suffered ill effects including but not limited to ulcers, weight gain, sleeplessness, loss of self-esteem, withdrawal from socializing and feelings of intimidation, and depression. In all reasonable

probability, Plaintiff will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

## XI.
## Exemplary Damages

38.    Plaintiff hereby incorporates by reference paragraphs III through X.

39.    The conduct of the Defendants, set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of spite, ill will and malicious intent held by the Defendants' management towards the Plaintiff, such management acting in a willful and intentional manner, committed acts calculated to cause injury and/or damage to the Plaintiff. The Defendants accordingly acted with malice, actual malice and/or specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendants in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendants as a result of their egregious violation of the law.

## XII.
## Attorney Fees

40.    Plaintiff Vidal Cantu Jr. was forced to engage counsel to protect his rights. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

## XIII.
## Demand for Jury

41.    Plaintiff Vidal Cantu Jr. hereby demands, in accordance with Federal Rule of Procedure 38, a trial by jury on all issues.

## XIV.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Vidal Cantu Jr. prays that this Honorable Court grant the following:

a).    Judgment against the Defendants, jointly and severally, for Plaintiff's damages;

b).    Exemplary damages as allowed by law;

c).    Mental anguish damages within the jurisdictional limits of the Court;

d).    Prejudgment interest as allowed by law;

e).    Attorney, expert, and litigation fees and expenses;

f).    Interest on said judgment at the legal rate from date of judgment;

g).    Cost of suit herein; and

h).    Any such other and further relief, in law and in equity, as the Court deems proper.

SIGNED on the 12th day of July, 2004.

Respectfully Submitted,

THE ESPARZA LAW FIRM, P.C.

By: _____
VALERIE R. ESPARZA
State Bar No. 24002059
Southern Dist. ID No. 23621
P.O. Box 369
Harlingen, Texas 78551-0369
Tel.: 956.423.2284
Fax: 956.423.6556

**Attorney for Plaintiff Vidal Cantu Jr.**



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5058 6409

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Mr. Vidal Cantu, Jr.
c/o Valerie R. Esparza, Esquire
The Esparza Law Firm
Attorneys at Law
P.O. Box 369
Harlingen, TX  78551-0369

April 13, 2004

Re:  EEOC Charge Against Brownsville Navigation District, et al.
     No. 360200300782

Dear Mr. Cantu, Jr.:

     Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

     If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

     This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                         Sincerely,

                    R. Alexander Acosta
                 Assistant Attorney General
                    Civil Rights Division

          by        *Karen L. Ferguson*

                    Karen L. Ferguson
                 Civil Rights Analyst
              Employment Litigation Section

cc:  San Antonio District Office, EEOC
     Brownsville Navigation District, et al.

EXHIBIT

A

# MEDIATION SETTLEMENT AGREEMENT

CHARGE NUMBER: 360A10730

CHARGING PARTY: Mr. Vidal Cantu

RESPONDENT: Brownsville Navigation District

1. In exchange for the promises made by **RESPONDENT** pursuant to Charge Number 360A10730 **CHARGING PARTY** agrees not to institute a law suit under <u>Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967 as amended, the Americans with Disabilities Act of 1990, as amended,</u> based on EEOC Charge Number 360A10730

2. Further we agree that submission of this agreement to EEOC will constitute a request for closure of EEOC Charge Number 360A10730

3. It is understood that this agreement does not constitute an admission by Respondent of any violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967 as amended or the Americans with Disabilities Act of 1990, as amended.

4. Respondent agrees that there shall be no discrimination or retaliation of any kind against Charging Party as a result of filing this charge or against any person because of opposition to any practice deemed illegal under the ADA, the ADEA or Title VII, as a result of filing this charge, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the aforementioned Acts.

5. This document constitutes a final and complete statement of the agreement between the parties.

6. The parties agree that the EEOC is authorized to investigate compliance with this agreement and that this agreement may be specifically enforced in court by the EEOC or the parties, and may be used as evidence in a subsequent proceeding in which a breach of this agreement is alleged.

6A. <u>CHARGING PARTY</u> acknowledges that s/he has been advised of his/her option to consult with an attorney and has been given a reasonable time to consider the agreement before signing. (ADEA CLAUSE)

EXHIBIT

B

7.  As evidence of a good faith effort to resolve EEOC Charge Number $\underline{360A10730}$, Respondent offers and Charging Party accepts  the following proposal of settlement:

See Exhibit "A" (attached)

_____
Respondent

5-29-01
Date

_____
Charging Party

5-29-01
Date

In reliance on the promises made in the paragraphs above, EEOC agrees to terminate its investigation and to not  use the above referenced charge as a jurisdictional basis for a civil action under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination Act of 1967 as amended, or the Americans with Disabilities Act of 1990, as amended.   EEOC does not waive or in any manner limit its right to investigate or seek relief in any other charge including, but not limited to, a charge filed by a member of the Commission against the Respondent.

On Behalf of the Commission:

_____

June 05, 2001
Date

EXHIBIT "A"                    Charge Number
                                360A10730

Within ten days of receipt of a finalized copy of this agreement, Brownsville Navigation District will increase the wage or salary rate of the charging party to $9.00 per hour.

Charging party will continue his relief switchboard operator duties as is stated in his job description of Accounting Clerk Position during the morning, lunch and afternoon breaks.

Within ten days of receipt of a finalized copy of this agreement, charging party will institute the following training in the areas of posting accounts receivable, preparing accounts payable vouchers and maintain accounts receivable logs with no assurance of promotions at this level.

_____
CHARGING PARTY

_____
RESPONDENT