United States District Court
Southern District of Texas
FILED

SEP 13 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIDAL CANTU, JR. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-04-118 |
| | § | |
| THE PORT OF BROWNSVILLE and | § | |
| DEBORAH LEE DUKE | § | |

**DEFENDANTS THE PORT OF BROWNSVILLE and
DEBORAH LEE DUKE ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE SCHOOL DISTRICT**, Defendants in the above-styled and numbered cause, and files this its Original Answer to Plaintiff's Original Complaint and would show the Court the following:

**I.**

1. Except as indicated below, Defendants **THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE SCHOOL DISTRICT** deny each and every, all and singular, the allegations contained in Plaintiff's Original Complaint, and demand strict proof thereof as required by law.

2. Defendant agrees with and admits to the allegations set forth in Section I, paragraphs 1-3 of Plaintiff's First Amended Original Complaint to the extent that Plaintiff states the names and address of the parties to this action; otherwise, Defendant denies the remainder of

all other allegations set forth in paragraphs 2 through 4 of Plaintiff's First Amended Original Complaint.

3. Except as noted, Defendants deny Plaintiff's allegations and facts as set forth in Section II, paragraphs 4 - 14 of Plaintiff's Original Complaint. Defendants specifically admits that in paragraph 10 a settlement agreement was entered into by the parties on or about May 29, 2001. However, Defendants specifically deny that Defendants breached the Agreement and instead would show that Plaintiff breached the Agreement.

4. Defendants specifically deny that Plaintiff exhausted his administrative procedures as alleged in Section IV, paragraph 15 of his Original Petition.

Defendants specifically deny that Plaintiff was discriminated against under Title VII, 42 USC § 2000e as alleged in Section V, paragraph 16-20 of Plaintiff's Original Petition.

Defendants specifically deny that Plaintiff was defamed by these Defendants as alleged in Section VI, paragraph 21-24 of Plaintiff's Original Petition.

Defendants specifically deny that Plaintiff suffered infliction of emotional distress by these Defendants as alleged in Section VII, paragraph 25-27 of Plaintiff's Original Petition.

Defendants specifically deny that Plaintiff had a contract with the Brownsville Navigation District or Deborah Lee Duke and that said contract was breached as alleged in Section VIII, paragraph 28-30 of Plaintiff's Original Petition. Plaintiff was an at will employee.

Defendant, Brownsville Navigation District is immune from suits for negligence pursuant to the doctrine of sovereign immunity as alleged in Section IX, paragraph 31-33 of Plaintiff's Original Petition.

Defendants further specifically deny that Plaintiff is entitled to damages as alleged in Section X, paragraph 34-40 of Plaintiff's Original Petition.

5. Defendant agrees to Plaintiff requesting a jury in Paragraph 41 of Plaintiff's First Amended Original Complaint but all other allegations are hereby denied.

## II.

## AFFIRMATIVE DEFENSES

6. Defendant, **THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE** would further state that the Plaintiff's claims are barred because the Plaintiff has not complied with the mandatory notice requirements contained within the Texas Tort Claims Act. No actual or constructive notice of Plaintiff's claims was given to Defendant.

7. Defendant **THE PORT OF BROWNSVILLE** would further show the Court that **THE PORT OF BROWNSVILLE** is a governmental entity and has sovereign immunity from any State law and common law torts.

8. The acts of **DEBORAH LEE DUKE** alleged are discretionary acts of individuals, performed in their capacity as governmental employees or officials in the good faith belief that the acts were legal and appropriate. As this would be a defense to the individuals, it is also a defense to **THE PORT OF BROWNSVILLE**.

9. Defendant, **THE PORT OF BROWNSVILLE** is immune from liability under the doctrine of governmental or official immunity.

10. The acts alleged are intentional acts for which **THE PORT OF BROWNSVILLE** would be immune under the Texas Tort Claims Act.

11. Defendant **THE PORT OF BROWNSVILLE** would further show the Court that **THE PORT OF BROWNSVILLE** is a governmental entity and has sovereign immunity from any State law and common law torts.

12. Defendant **PORT OF BROWNSVILLE** would show that liability for its actions, as alleged in Plaintiff's Original Complaint, is subject to the dollar limitations imposed by the Texas Tort Claims Act.

13. Defendant **PORT OF BROWNSVILLE** is entitled to all defenses and immunities pursuant to the Texas Tort Claims Act.

14. In the alternative, Defendants would further assert that any loss or damages allegedly sustained by Plaintiff as alleged in Plaintiff's First Amended Complaint were caused, in whole or in part, or were contributed to by the negligence, want of care, or intentional conduct of Plaintiff, and Defendant therefore invokes the doctrine of comparative responsibility.

15. In the alternative, Defendants asserts further assert that any loss or damages allegedly sustained by Plaintiff as alleged in Plaintiff's Amended Complaint were caused, in whole or in part, or were contributed to the negligence, want of care, or intentional conduct of third-parties over whom these Defendants have no control and is therefore not liable.

16. Plaintiff should not be entitled to attorney's fees because Plaintiff is not a prevailing party and Defendants herein is entitled to its attorney's fees under 42 U.S.C. §1988.

17. Defendants would further show that no adverse employment actions have been taken against this Plaintiff by these Defendants.

18. Further, Defendants would show that Plaintiff has not mitigated his damages. To the extend that he has, Defendants is entitled to a reduction of damages assessed by a jury based

on mitigation of damages by Plaintiff.

19. Defendants further plead the statute of frauds to the extent it applies to the Conciliatory Agreement.

20. Defendant **DEBORAH LEE DUKE**, hereby affirmatively pleads the limitation of damages set by the Texas Legislation pursuant to the Civil Procedures and Rem. Code § 108.001.

21. Further Defendant **DEBORAH LEE DUKE** pleads the elections of remedies defense pursuant to the Civil Procedures and Rem. Code § 101.106 et seq.

22. Defendants further reserves the right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions and discovery as Defendants may deem proper.

23. Defendants further would show that Plaintiff is barred from recovery for failure to comply with the Conciliatory Agreement previously entered into by the parties and adopts the doctrine of *res judicata* pursuant to said agreement.

## III

## EXEMPLARY DAMAGES

24. Defendant affirmatively pleads, to the extent that Plaintiff's claims request punitive damages, as well as any judgment ultimately rendered herein awarding punitive damages, that punitive damages constitute a contravention of the Texas and United States Constitutions in that:

    (A) Any award of punitive damages is arbitrary, unreasonable, excessive and in violation of the Defendant's rights to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13 and 19, of the Texas Constitution;

    (B) Any award of punitive damages is in violation of the due process clause of the United States and Texas Constitution

which require that punitive damages against the Defendant be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, or in the alternative, should be proved by clear and convincing standard of proof. Unless such protections are afforded to the Defendant, Defendant's rights are being violated in contravention of the Sixth Amendment to the United States Constitution;

C) Punitive damages under the Texas procedural law constitute an excess fine in violation of the Eighth Amendment of the Constitution of the United States.

25. Defendants **THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE** are further immune from liability for exemplary damages pursuant to §101.024 of the Tex. Civ. Prac. & Rem. Code.

26. Defendants herein are entitled to their attorney's fees under 42 U.S.C. §1988.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE** prays that Plaintiff's suit be dismissed at Plaintiff's cost, and for such other and further relief to which these Defendants may be entitled, either at law or in equity.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Counsel For The Port of Brownsville and Deborah Lee Duke

By: _____
Elizabeth G. NEALLY
State of Texas Bar No. 14840400
Federal Bar No. 8044

JEFFREY D. ROERIG
Texas State Bar #17161700
Federal Bar No. 1503

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendants THE PORT OF BROWNSVILLE and DEBORAH LEE DUKES' Original Answer to Plaintiff's Original Complaint, to counsel of record,

Valerie R. Esparza
**THE ESPARZA LAW FIRM, P.C.**
P. O. Box 369
Harlingen, Texas 78551

Via U.S. Postal Service, Certified, Return Receipt Requested on this 10 day of September, 2004.

_____
Elizabeth G. Neally