United States District Court
Southern District of Texas
FILED

NOV 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIDAL CANTU, JR. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-04-118 |
| | § | |
| THE PORT OF BROWNSVILLE and | § | |
| DEBORAH LEE DUKE | § | |

## JOINT REPORT OF RULE 26(f) MEETING
## AND
## JOINT DISCOVERY AND CASE MANAGEMENT PLAN

1. State when and where the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

The Rule 26(f) meeting was held by telephone between Valerie Esparza, Attorney in Charge for Vidal Cantu, Jr. and Elizabeth G. Neally, Attorney in Charge for The Port of Brownsville and Deborah Lee Duke, on November 4, 2004.

2. List the cases related to this one that are pending in any state of federal court, with the case number and court.

None.

3. Briefly describe what this case is about.

Plaintiff alleges that he was discriminated and retaliated against by the Defendant when he was not provided training and was required to work as a receptionist after filing an EEOC complaint because of his sex. Defendant denies those allegations.

4. Specify the allegation of federal jurisdiction.

Plaintiff has raised federal questions in his Petition, including seeking relief under Title VII of the Civil Rights Act of 1964.

5. Name the parties who disagree and the reasons.

None.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None.

7.  List anticipated interventions.

None.

8.  Describe class-action issues.

None.

9.  State whether each party represents that it has made the initial disclosures required by Ruled 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Rule 26 disclosures will be made by November 15, 2004.

10. Describe the proposed agreed discovery plan, including:

   A.  Responses to all the matters raised in Rule 26(f).

Not applicable.

   B.  When and to whom the Plaintiff anticipates it may send interrogatories.

Plaintiff anticipates sending interrogatories to Defendant by November 30, 2004.

   C.  When and to whom the Defendant anticipates it may send interrogatories.

Defendant has already sent interrogatories and request for production to Plaintiff.

   D.  Of whom and by when the Plaintiff anticipates taking oral depositions.

Deborah Duke and the Port of Brownsville representative.

E.  List depositions Defendants anticipates taking and their anticipated completed date. See Rule 26(a)(2)(B) (expert report).

Defendant anticipates taking depositions of a representative of the Texas Commission on Human Rights, EEOC, the Plaintiff, and other witnesses as identified by Plaintiff. Defendant anticipates completing these depositions within 120 days from the initial pre-trial conference.

F.  When the Plaintiff (or the party with the burden of proof on the issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will designate his experts and provide reports ninety (90) days before trial.
Defendant will designate its experts and provide reports sixty (60) days before trial.

G.  List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff anticipates taking the depositions of Defendants' experts and completing those depositions thirty (30) days before trial.

H.  List expert depositions the Defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant anticipates taking the depositions of the Plaintiff's experts and completing those depositions forty-five (45) days before trial.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date the planned discovery can reasonably be completed.

180 days from the initial pre-trial conference.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties discussed conducting a mediation after some initial discovery.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties discussed mediation to bring about a prompt resolution.

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

The parties discussed that they could conduct mediation within one hundred twenty (120) days from the initial pre-trial conference.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties do not agree to try the case in front of a Magistrate.

18. State whether a jury demand has been made and if it was made on time.

Plaintiff made a jury demand in a timely fashion.

19. Specify the number of hours it will take to present the evidence in this case.

The parties anticipate that it will take thirty (30) hours to present the evidence in this case.

20. List pending motions that could be ruled on at the initial pre-trial and scheduling conference.

None.

21. List other motions pending.

None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None.

JOINT REPORT OF RULE 26(F) MEETING AND
JOINT DISCOVERY AND CASE MANAGEMENT PLAN - PAGE 4
JOINT DISCOVERY PLAN

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing of original and any amendments.

Plaintiff filed his Certificate of Interested Persons on October 14, 2004. Defendant filed its Disclosure of Interested Persons on October 19, 2004.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**ATTORNEY FOR PLAINTIFF:**

_____
Valerie R. Esparza
State Bar No. 24002059
Southern District ID No. 23621
PO Box 369
Harlingen, Texas 78552
Telephone: (956) 423-2284
Telefax    : (956) 423-6556

**ATTORNEY FOR DEFENDANTS:**


_____
Elizabeth G. Neally
State Bar No. 14840400
Federal ID No. 8044
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telefax    : (956) 542-0016