United States District Court
Southern District of Texas
FILED

MAR 1 4 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIDAL CANTU, JR. | § § § | |
| vs. | § | CIVIL ACTION NO. B-04-118 |
| | § | |
| THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE | § § § | |

### DEFENDANTS THE PORT OF BROWNSVILLE AND DEBORAH LEE DUKE'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE,** the Defendants in the above-styled and numbered cause, and files this its Motion to Dismiss as to Plaintiff's claims of defamation, intentional infliction of emotional distress, and negligence pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) and would show the Court the following:

### I.

### MOTION TO DISMISS

1. Plaintiff, Vidal Cantu, has sued The Port of Brownsville and Deborah Lee Duke as to defamation, intentional infliction of emotional distress, and negligence made by Plaintiff in his Original Petition as follows:

### *VI.*
### *Count 2 - Defamation*

21.   *Plaintiff hereby incorporates by reference paragraphs III through V.*
22.   *Defendant Deborah Lee Duke has published statements to third*

parties referring to Plaintiff which are defamatory and false.

23. Defendant Deborah Lee Duke has intentionally published these statements and acted with actual malice in hopes of sabotaging Plaintiff's job with the Port of Brownsville.

24. As a result of Defendant's actions, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirement of this Court. Plaintiff sues Defendant Deborah Lee Duke as a result of such actions.

### VII.
### Count 3 - Intentional Infliction of Emotional Distress

25. Plaintiff hereby incorporates by referenced paragraphs III through VI.

26. Plaintiff Vidal Cantu Jr. Asserts that Defendant Deborah Lee Duke's actions, which constitute extreme and outrageous conduct, were committed intentionally and/or recklessly and their purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendant's actions caused Plaintiff mental as well as physical pain.

27. As a result of Defendant's actions, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirement of this Court. Plaintiff sues Defendant Deborah Lee Duke as a result of such actions.

### IX.
### Count 5 - Negligence

31. Plaintiff hereby incorporates by referenced paragraphs III through VIII.

32. Plaintiff further claims that the Defendants were negligent in breaching a duty of care owed to him as follows:
    a. In failing to take protective measures to prevent future harassment or discrimination;
    b. In failing to take prompt remedial action;
    c. In failing to provide a safe work environment for Plaintiff;
    d. In failing to provide appropriate measures to discourage and/or prevent discrimination and retaliation in the workplace;
    e. In failing to provide adequate training regarding conduct which constitutes discrimination and retaliation; and
    f. In failing to protect employees from similar situations.

33. These above mentioned breaches of the Defendants' duty of care have caused Plaintiff damages in an amount which exceeds the minimum jurisdictional requirement of this Court. Plaintiff sues each of the Defendants as a result of such actions.
**Plaintiff's Original Complaint, paragraphs VI, VII, and IX.**

2. Defendant asks that Plaintiff's claims of defamation, intentional infliction of emotional distress, and negligence be dismissed as Defendant is a governmental entity in Texas and is sovereignly immune from liability for common law torts including defamation, intentional infliction of emotional distress and negligence except as indicated in the Texas Tort Claims Act § 101.021, 101.051.

3. It is well settled that governmental entities that are an agency of the state, while exercising governmental functions, is not answerable in a suit sound in tort." *Kinsey v. Ryan*, 1998 U.S. Dist LEXIS 20688 (N.D. Dallas, 1998) citing *Edwards v. Nederland I.S.D.*, 930 F.Supp. 272, 276 (E.D. Tex. 1996); *Keiffer v. So. Pac. Trans. Co.*, 486 F.Supp. 798, 799 (E.D. Tex. 1980).

4. Defendant Port of Brownsville, is a governmental entity as that term is defined in Texas Civil Practice and Remedies Code 101.001.

5. The Texas Tort Claims Act specifically preserves sovereign immunity except for the limit waiver that is contained in the Texas Tort Claims Act. Defendant, Port of Brownsville, continues to be immune from suit, as well as liability, for claims like those alleged in Plaintiff's Original Complain.

> The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Ass'n of Bus. V. Tex. Air Control Bd.*, 852 SW2d 440, 446, 36 Tex. Sup. Ct. J. 607 (Tex. 1993); *Mission Consol. Indep. Sch. Dist. V. Flores*, 39 SW3d 674, 676 (Tex. App. - Corpus Christi 2001, no pet.). The trial court must not weigh the merits of the case, but instead consider only the pleadings and evidence pertinent to the jurisdictional question. *County of Cameron v. Brown*, 80 SW3d 549, 555-56, 45 Tex. Sup. Ct. J. 680 (Tex. 2002) (citing *Texas Natural Res. Conservation Comm'n v. White*, 46 SW3d 864, 868, 44 Tex. Sup. Ct. J. 667 (Tex. 2001); *Bland Indep. Sch. Dist. V. Blue*, 34 SW3d 547, 554, 44 Tex. Sup. Ct. J. 125 (Tex. 2000)). In doing so, the trial court must construe the

plaintiff's pleadings liberally in favor of jurisdiction, *Peek v. Equip. Serv. Co.*, 779 SW2d 802, 804, 33 Tex. Sup. Ct. J. 77 (Tex. 1989), and must take all factual allegations pleaded as true, unless the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction *Continental Coffee Prods. Co. V. Cazarez*, 937 SW2d 444, 449, 40 Tex. Sup. Ct. J. 172 (Tex. 1996). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction and such defect is incurable, immediate dismissal of the case is proper. *Peek*, 779 SW2d at 804-05; *City of Austin v. L.S. Ranch*, 970 SW2d 750, 753 (Tex. App. - Austin 1998, no pet.).

6. See, *Texas Dept. Of Health v. Simon Rocha*, 102 SW3d 348 (Tex. App. - Corpus Christi 2003). In *Simon Rocha*, the 13th Court of Appeal reversed the denial of a plea to the jurisdiction where an employee sued alleging wrongful termination, slander and libel among other torts.

7. The court reversed holding that the 107th Judicial District Court of Cameron County had no jurisdiction to hear Plaintiff's common law tort claims of civil conspiracy, libel, slander, negligence, and intentional infliction of emotional distress. The Appellate Court held that it was Plaintiff's burden to show sovereign immunity had been waived. Because Plaintiff failed to establish such a waiver, the trial court erred in not dismissing those tort claims against the Texas Dept. Of Health and its employees. *Id.*, 102 SW3d at 353.

8. A dismissal under Federal Rules of Civil Procedure, Rule 12(b)(6) is proper when "an affirmative defense or other bar to relief appears on the face of the complaint." *Garret v. Commonwealth Mort. Corp.*, 938 F.2d 591, 594 (5th Cir. 1991).

**WHEREFORE, PREMISES CONSIDERED** Defendants The Port of Brownsville and Deborah Lee Duke pray that Plaintiff's causes of action of defamation, intentional infliction of emotional distress and negligence be dismissed at Plaintiff's cost, and that Plaintiff be

ordered to replead his causes of action against The Port of Brownsville and Deborah Lee Duke, deleting these claims and for such other and further relief to which this Defendant may be entitled, either at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile : (956) 542-0016

**Counsel for the Port of Brownsville and Deborah Lee Duke**

By: _____
Elizabeth G. Neally
State Bar No.: 14840400
Federal ID No.: 8044

## CERTIFICATE OF CONSULTATION

      I verify that I sent the attached correspondence to Ms. Esparza advising her of my intent to file the Motion to Dismiss. I, hereby certify that I received a voice message by telephone from Valerie Esparza's office on the 10th day of March, 2005, in an effort to secure the resolution as to Plaintiff's claims against The Port of Brownsville and Deborah Lee Duke in Plaintiff's Original Petition without court action. She advised she was unopposed to this Motion and would replead after the Motion was filed.

_____
Elizabeth G. Neally

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendants the Port of Brownsville and Deborah Lee Duke's Motion to Dismiss has been served on all counsel of record:

Valerie R. Esparza
The Esparza Law Firm, P.C.
PO Box 369
Harlingen, Texas 78551-0369

via certified mail, return receipt requested on this the 14 day of March, 2005

_____
Elizabeth G. Nealy

## ROERIG, OLIVEIRA & FISHER, L.L.P.
### ATTORNEYS AT LAW

Jeffrey D. Roerig†•
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz•†
David G. Oliveira

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

Adolph Guerra, Jr.†
D. Alan Erwin, Jr.
Michael A. Zanca*
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*
Liza M. Vasquez*

Allena L. Cano*

†Board Certified -
  Personal Injury Trial Law
  Texas Board of Legal Specialization
•Board Certified -
  Civil Trial Law
  Texas Board of Legal Specialization

March 4, 2005

File No.:
24,341

Valerie R. Esparza
THE ESPARZA LAW FIRM, P.C.
ATTORNEYS AT LAW
P. O. Box 369
Harlingen, Texas 78551-0369

RE:   Style: *Vidal Cantu, Jr. v. Port of Brownsville and Deborah Lee Duke*
      Civil Action No. B-04-118, U.S. District Court, Southern District, Brownsville
      Division

Dear Ms. Esparza:

Attached is Defendants The Port of Brownsville and Deborah Lee Duke's Motion to Dismiss. Please review this motion and call the undersigned at our McAllen office to advise if you will voluntarily replead or if you are opposed.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned.

                    Sincerely,

                    ROERIG, OLIVEIRA & FISHER, L. L.P.

                    Elizabeth G. Neally

EGN:lac
enc.