# Exhibit A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIDAL CANTU JR., | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B–04–118 |
| | § | |
| BROWNSVILLE NAVIGATION | § | |
| DISTRICT d/b/a/ THE PORT OF | § | |
| BROWNSVILLE and | § | |
| DEBORAH LEE DUKE, | § | |
|     Defendants | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, VIDAL CANTU JR., hereinafter referred to by name or as Plaintiff, complaining of **Brownsville Navigation District d/b/a Port of Brownsville** and **Deborah Lee Duke**, hereinafter referred to separately by name or collectively as Defendants, and, for such cause of action, would respectfully show unto the Court and Jury as follows:

### I.
### Parties

1.  Plaintiff **Vidal Cantu Jr.** is an individual who resides in Cameron County, Texas. At all times mentioned in this complaint, Plaintiff was employed by the Port of Brownsville as either a receptionist or accounting clerk in Brownsville, Texas.

2.  Defendant **Port of Brownsville** is governed by the Brownsville Navigation District, a political subdivision of the State of Texas. Defendant has already entered an appearance in

this civil action and can be served through its attorney of record listed below.

3.      Defendant **Deborah Lee Duke** is an individual who is a resident of Texas and an administrator for Defendant Port of Brownsville. Defendant has already entered an appearance in this civil action and can be served through its attorney of record listed below.

## II.
## Facts

4.      The injuries and damages suffered by the Plaintiff Vidal Cantu Jr. and made the basis of this civil action arose out of a series of occurrences which took place between the years 1997 through 2004, including the present. During such time and place and still today, Plaintiff Vidal Cantu Jr. serves as an employee of Defendant Port of Brownsville. Specifically, he is an accounting clerk in its Accounting Department under the supervision of Defendant Deborah Lee Duke. During the entire period of his employment, Plaintiff has been a loyal, honest, dedicated, hardworking employee, who has eagerly worked towards advancement within the company.

5.      Plaintiff was hired by the Port of Brownsville on or about August, 27, 1993. Plaintiff started working as a receptionist where Defendant Deborah Lee Duke was one of his supervisors.

6.      On or about April 30, 1997, Plaintiff Vidal Cantu Jr's made an attempt to be "cross-trained" in his department by applying for the position of Bookkeeping Specialist 1. He was sent a denial letter from Defendant Deborah Lee Duke stating that the reason he was overlooked for this opportunity was due to the fact that she did not have the time to train him.

7.      Thereafter, Plaintiff was assigned the task of accounts payable but was not properly trained by Defendant Deborah Lee Duke. In a meeting between Deborah Lee Duke and the Plaintiff behind closed doors, she expressed that she had reservations about Plaintiff picking up this

job task and that if he did not pick it up, she was going to have to fire him.

8.  On or about June 10, 1999, a second Accounting Clerk, Veronica Ramos, was hired. Plaintiff was to be trained on everything which Veronica Ramos was trained. This did not happen even though the Plaintiff had years of experience above the new employee.

9.  In February 2000, a new receptionist, Letty Gonzalez, was hired. She ended up getting paid more money than Plaintiff who had years of experience and at the same time the Plaintiff was still being assigned solely receptionist duties.

10. About this time, Plaintiff had filed a Charge of Discrimination 360A10730 with the EEOC (hereinafter referred to as "previous EEOC charge"). This previous EEOC charge resulted in a mediation settlement agreement signed on May 29, 2001, wherein Plaintiff was assured he would receive more on-th-job training.

11. However, little had changed. Plaintiff tried on several occasions to express the discrimination he felt to management. Unfortunately, Defendant Deborah Lee Duke was also the Personnel Manager. Therefore, Plaintiff felt as though he could not complain to her as she was the one who was committing the discriminatory and retaliatory acts.

12. In January 2003, a new Personnel Manager, Lynn Saban, was assigned. Even then, because of her lack of experience, Saban was being trained by Defendant Deborah Lee Duke. Because of such, Plaintiff was still in fear of expressing his situation.

13. During January of 2002, Defendant Deborah Lee Duke became aware that the Plaintiff had filed another claim with the EEOC due to the fact that he felt that Defendants were in violation of the mediation settlement agreement of the previous EEOC charge. Defendant then held a meeting with the Plaintiff expressing to him that his job performance was not

improving. Plaintiff felt as though this was a threat of termination because he filed Charge of Discrimination with the EEOC.

14.    Plaintiff Vidal Cantu Jr. is still employed by Defendant. However, he is subjected to discriminatory and retaliatory treatment due to his gender, male, and the fact that he complained of the preceding discrimination and other discriminatory acts by Defendants.

## IV.
## Exhaustion of Administrative Procedures

15.    Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

## V.
## Count 1 – Discrimination and Retaliation under Title VII
## Based on Gender

16.    Plaintiff hereby incorporates by reference paragraphs III and IV.

17.    Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely his gender. 42 U.S.C. § 2000e(f).

18.    Defendant is an employer within the meaning of Title VII. 42 U.S.C. § 2000e(b).

19.    Defendant intentionally discriminated against Plaintiff because of his gender in violation of Title VII by refusing to train him or promote him for various positions within its Accounting/Finance Department even though it trains and promotes females with same qualifications.

20.    The conduct of the Defendants complained of constitute discrimination and retaliation on the basis of the gender (male) of the Plaintiff. Plaintiff's lack of training or promotion further constitutes retaliation for his opposition to a discriminatory practice and as a result of voicing

a complaint. The Defendants' discriminatory and retaliatory conduct detailed above, created a hostile work environment extremely detrimental to Plaintiff's emotional and physical health, interfering with Plaintiff's work performance and which caused him acute emotional distress as well as physical manifestations for which he sought medical treatment. Defendants, their agents, servants, and employees improperly permitted such discriminatory and retaliatory conduct to occur. As such, the Plaintiff sues the port Defendant for the acts of Defendant Deborah Lee Duke, as well as the passive indifference exhibited by the management, employees and agents of the Defendant company.

## VI.
### Count 2 – Intentional Infliction of Emotional Distress

21. Plaintiff hereby incorporates by reference paragraphs III through V.

22. Plaintiff Vidal Cantu Jr. asserts that individual Defendant Deborah Lee Duke's actions, which constitute extreme and outrageous conduct, were committed intentionally and/or recklessly and their purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendant's actions caused Plaintiff mental as well as physical pain.

23. As a result of the individual Defendant's actions, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirement of this Court. Plaintiff sues Defendant Deborah Lee Duke as a result of such actions.

## VII.
### Count 3 – Breach of Contract

24. Plaintiff hereby incorporates by reference paragraphs III through VI.

25. During June of 2001, Defendants breached its mediation settlement agreement with Plaintiff. At that time, Defendants refused to provide Plaintiff with on-the-job training, thereby



breaching its contract with Plaintiff.

26.    As a result of Defendants' actions, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirement of this Court. Plaintiff sues Defendants as a result of such actions.

**VIII.**
**Actual Damages**

27.    Plaintiff hereby incorporates by reference paragraphs III through VII.

28.    As a result of the incidents made the basis of this suit, Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court but less than $500,000.00. The damages are as follows:

**Lost Earnings**

29.    Plaintiff sues for any lost earnings, in the form of back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, to the extent permitted by law, due to the acts complained of above.

**Past and Future Physical and Mental Anguish**

30.    As a result of the incidents described above, that are made the basis of this suit, Plaintiff has suffered physical as well as severe mental pain and anguish. Such emotions include feelings of intimidation, worthlessness and inferiority. Plaintiff has further suffered ill effects including but not limited to ulcers, weight gain, sleeplessness, loss of self-esteem, withdrawal from socializing and feelings of intimidation, and depression. In all reasonable probability, Plaintiff will continue to suffer such severe mental and physical pain and anguish for a long time into the future, if not for the balance of his natural life.

## IX.
## Exemplary Damages

31. Plaintiff hereby incorporates by reference paragraphs III through VIII.

32. The conduct of the Defendants, set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of spite, ill will and malicious intent held by the Defendants' management towards the Plaintiff, such management acting in a willful and intentional manner, committed acts calculated to cause injury and/or damage to the Plaintiff. The Defendants accordingly acted with malice, actual malice and/or specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendants in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendants as a result of their egregious violation of the law.

## X.
## Attorney Fees

33. Plaintiff Vidal Cantu Jr. was forced to engage counsel to protect his rights. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. § 2000e-5(k).

## XI.
## Demand for Jury

34. Plaintiff Vidal Cantu Jr. hereby demands, in accordance with Federal Rule of Procedure 38, a trial by jury on all issues.

## XII.
### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff Vidal Cantu Jr. prays that this Honorable Court grant the following:

a).    Judgment against the Defendants, jointly and severally, for Plaintiff's damages;

b).    Exemplary damages as allowed by law;

c).    Mental anguish damages within the jurisdictional limits of the Court;

d).    Prejudgment interest as allowed by law;

e).    Attorney, expert, and litigation fees and expenses;

f).    Interest on said judgment at the legal rate from date of judgment;

g).    Cost of suit herein; and

h).    Any such other and further relief, in law and in equity, as the Court deems proper.

SIGNED on the 7th day of April, 2005.

Respectfully Submitted,

THE ESPARZA LAW FIRM, P.C.

By:    _____
VALERIE R. ESPARZA
State Bar No. 24002059
Southern Dist. ID No. 23621
P.O. Box 369
Harlingen, Texas 78551-0369
Tel.: 956.423.2284
Fax: 956.423.6556

**Attorney for Plaintiff Vidal Cantu, Jr.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's First Amended Original Complaint was served pursuant to the Rules on April 7, 2005, to the following:

Elizabeth G. Neally
Roerig, Oliveira & Fisher, L. L. P.
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786

VALERIE R. ESPARZA

## CERTIFICATE OF CONFERENCE

I hereby certify that on or about March 10, 2005, I conferred with opposing counsel and she stated that she is unopposed to the Amended Original Complaint in that Plaintiff is dismissing his common law torts against the governmental entity.

VALERIE R. ESPARZA