United States District Co
Southern District of Tex
FILED
APR 1 8 2005
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIDAL CANTU, JR. | § § | |
| vs. | § § | CIVIL ACTION NO. B-04-118 |
| BROWNSVILLE NAVIGATION DISTRICT OF CAMERON COUNTY, TEXAS MISNAMED AS THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE | § § § § § § | |

DEFENDANTS BROWNSVILLE NAVIGATION DISTRICT
OF CAMERON COUNTY, TEXAS MISNAMED AS
THE PORT OF BROWNSVILLE and
DEBORAH LEE DUKE'S FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW BROWNSVILLE NAVIGATION DISTRICT OF CAMERON COUNTY, TEXAS misnamed as THE PORT OF BROWNSVILLE ("Port of Brownsville") and DEBORAH LEE DUKE, Defendants in the above-styled and numbered cause, and files this its First Amended Original Answer to Plaintiff's First Amended Original Complaint and would show the Court the following:

I.

1. Except as indicated below, Defendants **THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE** deny each and every, all and singular, the allegations contained in Plaintiff's First Amended Original Complaint, and demand strict proof thereof as required by law.

2. Defendants denies that the Port of Brownsville is the correct name of the employer of the Plaintiff. The proper name of the employer of the Plaintiff is the Brownsville Navigation District of Cameron County, Texas and admits to the statements set forth in Section I, paragraphs 1-3 of Plaintiff's First Amended Original Complaint to the extent that Plaintiff states the names and address of the parties to this action; otherwise, Defendants deny the remainder of all other allegations set forth in paragraphs 2 through 4 of Plaintiff's First Amended Original Complaint. Defendants would show that Plaintiff remains an employee of the Port of Brownsville.

3. Except as noted, Defendants deny Plaintiff's allegations and facts as set forth in Section II, paragraphs 4 - 14 of Plaintiff's First Amended Original Complaint. Defendants specifically admits that in paragraph 10 a settlement agreement was entered into by the parties on or about May 29, 2001. However, Defendants specifically deny that Defendants breached the Agreement and instead would show that Plaintiff breached the Agreement.

4. Defendants specifically deny that Plaintiff exhausted his administrative procedures as alleged in Section IV, paragraph 15 of Plaintiff's First Amended Original Complaint.

5. Defendants specifically deny that Plaintiff was discriminated against under Title VII, 42 USC § 2000e as alleged in Section V, paragraphs 16-20 of Plaintiff's First Amended Original Complaint.

6. Defendants specifically deny that Plaintiff suffered infliction of emotional distress by these Defendants as alleged in Section VI, paragraphs 21-23 of Plaintiff's First Amended Original Complaint and assert that Defendant Deborah Lee Duke has governmental immunity from this tort.

7. Defendants specifically deny that Plaintiff had a contract with the Brownsville Navigation District or Deborah Lee Duke and that said contract was breached as alleged in Section VII, paragraphs 24-26 of Plaintiff's First Amended Original Complaint. Plaintiff was at all times material an at will employee.

8. Defendants further specifically deny that Plaintiff is entitled to damages as alleged in Section VIII and IX, paragraphs 27-33 of Plaintiff's First Amended Original Complaint. Further, Defendants are immune from Exemplary Damages under the Texas Tort Claims Act.

9. Defendants agree to Plaintiff requesting a jury in Section X, paragraph 34 of Plaintiff's First Amended Original Complaint but all other allegations are hereby denied.

## II.

## AFFIRMATIVE DEFENSES

10. Defendants, **THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE** would further state that the Plaintiff's claims are barred because the Plaintiff has not complied with the mandatory notice requirements contained within the Texas Tort Claims Act. No actual or constructive notice of Plaintiff's claims was given to Defendant.

11. Defendant **THE PORT OF BROWNSVILLE** would further show the Court that **THE PORT OF BROWNSVILLE** is a governmental entity and has sovereign immunity from any State law and common law torts.

12. The acts of Defendant **DEBORAH LEE DUKE** alleged are discretionary acts of individuals, performed in their capacity as governmental employees or officials in the good faith

belief that the acts were legal and appropriate. As this would be a defense to the individuals, it is also a defense to **THE PORT OF BROWNSVILLE**.

13. Defendants, **THE PORT OF BROWNSVILLE** and **DEBORAH LEE DUKE** are immune from liability under the doctrine of governmental or official immunity.

14. To the extent the acts alleged are intentional acts for which **THE PORT OF BROWNSVILLE** would be immune under the Texas Tort Claims Act.

15. Further Defendant **DEBORAH LEE DUKE** pleads the elections of remedies defense pursuant to the Civil Procedures and Rem. Code § 101.106 et seq. Plaintiff is barred from filing suit against Ms. Duke, since a suit against a governmental entity constitutes an irrevocable election of remedies and forever bars suit or recovery by the Plaintiff against the individual employee of the governmental entity.

16. Defendant **PORT OF BROWNSVILLE** would show that liability for its actions, as alleged in Plaintiff's First Amended Original Complaint, is subject to the dollar limitations imposed by the Texas Tort Claims Act.

17. Defendant **PORT OF BROWNSVILLE** is entitled to all defenses and immunities pursuant to the Texas Tort Claims Act.

18. In the alternative, Defendants would further assert that any loss or damages allegedly sustained by Plaintiff as alleged in Plaintiff's First Amended Complaint were caused, in whole or in part, or were contributed to by the negligence, want of care, or intentional conduct of Plaintiff, and Defendants therefore invoke the doctrine of comparative responsibility.

**Defendants The Port of Brownsville and**
**Deborah Lee Duke's First Amended Original Answer -**
24341 - 1st Amd Answer

**Page 4**

19. In the alternative, Defendants asserts further assert that any loss or damages allegedly sustained by Plaintiff as alleged in Plaintiff's First Amended Original Complaint were caused, in whole or in part, or were contributed to the negligence, want of care, or intentional conduct of third-parties over whom these Defendants have no control and is therefore not liable.

20. Plaintiff should not be entitled to attorney's fees because Plaintiff is not a prevailing party and Defendants herein are entitled to its attorney's fees under 42 U.S.C. §1988.

21. Defendants would further show that no adverse employment actions have been taken against this Plaintiff by these Defendants.

22. Further, Defendants would show that Plaintiff has not mitigated his damages. To the extend that he has, Defendants is entitled to a reduction of damages assessed by a jury based on mitigation of damages by Plaintiff.

23. Defendants further plead the statute of frauds to the extent it applies to the Conciliatory Agreement.

24. Defendant **DEBORAH LEE DUKE**, hereby affirmatively pleads the limitation of damages set by the Texas Legislation pursuant to the Civil Procedures and Rem. Code § 108.001.

25. Defendants further reserves the right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions and discovery as Defendants may deem proper.

26. Defendants further would show that Plaintiff is barred from recovery for failure to comply with the Conciliatory Agreement previously entered into by the parties and adopts the doctrine of *res judicata* pursuant to said agreement.

III

**EXEMPLARY DAMAGES**

27. Defendants affirmatively plead, to the extent that Plaintiff's claims request punitive damages, as well as any judgment ultimately rendered herein awarding punitive damages, that punitive damages constitute a contravention of the Texas and United States Constitutions in that:

    (A)    Any award of punitive damages is arbitrary, unreasonable, excessive and in violation of the Defendants' rights to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13 and 19, of the Texas Constitution;

    (B)    Any award of punitive damages is in violation of the due process clause of the United States and Texas Constitution which require that punitive damages against the Defendants be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, or in the alternative, should be proved by clear and convincing standard of proof. Unless such protections are afforded to the Defendants, Defendants' rights are being violated in contravention of the Sixth Amendment to the United States Constitution;

    (C)    Punitive damages under the Texas procedural law constitute an excess fine in violation of the Eighth Amendment of the Constitution of the United States.

28. Defendants **THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE** are further immune from liability for exemplary damages pursuant to §101.024 of the Tex. Civ. Prac. & Rem. Code.

29. Defendants herein are entitled to their attorney's fees under 42 U.S.C. §1988.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE** pray that Plaintiff's suit be dismissed at

Plaintiff's cost, and for such other and further relief to which these Defendants may be entitled, either at law or in equity.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Counsel For The Port of Brownsville and Deborah Lee Duke

By: *Elizabeth G. Neally*
Elizabeth G. NEALLY
State of Texas Bar No. 14840406
Federal Bar No. 8044

JEFFREY D. ROERIG
Texas State Bar #17161700
Federal Bar No. 1503

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendants THE PORT OF BROWNSVILLE and DEBORAH LEE DUKES' First Amended Original Answer to Plaintiff's First Amended Original Complaint, to counsel of record,

Valerie R. Esparza
**THE ESPARZA LAW FIRM, P.C.**
P. O. Box 369
Harlingen, Texas 78551

Via U.S. Postal Service, Certified, Return Receipt Requested on this 18 day of April, 2005..

*Elizabeth G. Neally*
Elizabeth G. Neally