United States District Court
Southern District of Texas
FILED

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

APR 2 8 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| VIDAL CANTU, JR. | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  B-04-118 |
| | § | |
| THE PORT OF BROWNSVILLE and | § | |
| DEBORAH LEE DUKE | § | |
| Defendants | | |

---

**DEFENDANTS BROWNSVILLE NAVIGATION DISTRICT OF CAMERON
COUNTY, TEXAS MISNAMED AS THE PORT OF BROWNSVILLE
AND DEBORAH LEE DUKE'S FIRST AMENDED MOTION TO DISMISS**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BROWNSVILLE NAVIGATION DISTRICT OF CAMERON COUNTY,

TEXAS MISNAMED AS THE PORT OF BROWNSVILLE ("Port of Brownsville") and

DEBORAH LEE DUKE, the Defendants in the above-styled and numbered cause, and files

this its Motion to Dismiss as to Plaintiff's claim of intentional infliction of emotional distress

raised in his First Amended Original Complaint and pursuant to Federal Rules of Civil

Procedure, Rule 12(b)(6) and would show the Court the following:

## I.

## MOTION TO DISMISS

1. Plaintiff, Vidal Cantu, has sued Deborah Lee Duke as to intentional infliction of emotional distress made by Plaintiff in his First Amended Original Complaint as follows:

*VI.*
### *Count 2 - Intentional Infliction of Emotional Distress*

21.    *Plaintiff hereby incorporates by referenced paragraphs III through V.*
22.    *Plaintiff Vidal Cantu Jr. asserts that Defendant Deborah Lee Duke's actions, which constitute extreme and outrageous conduct, were committed intentionally and/or recklessly and their purpose was to cause the infliction of emotional distress of a severe nature to Plaintiff. Defendant's actions caused Plaintiff mental as well as physical pain.*
23.    *As a result of Defendant's actions, Plaintiff has suffered damages in an amount which exceeds the minimum jurisdictional requirement of this Court. Plaintiff sues Defendant Deborah Lee Duke as a result of such actions.*
**Plaintiff's First Amended Original Complaint, paragraph VI.**

2.   Defendants asks that Plaintiff's claims of intentional infliction of  emotional distress be dismissed as  Defendant is a governmental entity in Texas and is sovereignly immune from liability for common law torts including defamation, intentional infliction of emotional distress and negligence except as indicated in the Texas Tort Claims Act § 101.021, 101.051.  Further, the claim against Ms. Duke is barred under Tex.Civ. Prac. & Rem Code § 101.106 – Election of Remedies.

3. It is well settled that governmental entities that are an agency of the state,  while exercising governmental functions, is not answerable in a suit sound in tort." *Kinsey v. Ryan*, 1998 U.S. Dist LEXIS 20688 (N.D. Dallas, 1998) citing *Edwards v. Nederland I.S.D.*,

930 F.Supp. 272, 276 (E.D. Tex. 1996); *Keiffer v. So. Pac. Trans. Co.*, 486 F.Supp. 798, 799 (E.D. Tex. 1980).

4. Defendant Port of Brownsville, is a governmental entity as that term is defined in Texas Civil Practice and Remedies Code 101.001.

5. The Texas Tort Claims Act specifically preserves sovereign immunity except for the limit waiver that is contained in the Texas Tort Claims Act. Defendant, Port of Brownsville, continues to be immune from suit, as well as liability, for claims like those alleged in Plaintiff's Original Complain.

> The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. *Tex. Ass'n of Bus. V. Tex. Air Control Bd.*, 852 SW3d 440, 446, 36 Tex. Sup. Ct. J. 607 (Tex. 1993); *Mission Consol. Indep. Sch. Dist. V. Flores*, 39 SW3d 674, 676 (Tex. App. - Corpus Christi 2001, no pet.). The trial court must not weigh the merits of the case, but instead consider only the pleadings and evidence pertinent to the jurisdictional question. *County of Cameron v. Brown*, 80 SW3d 549, 555-56, 45 Tex. Sup. Ct. J. 680 (Tex. 2002) (citing *Texas Natural Res. Conservation Comm'n v. White*, 46 SW3d 864, 868, 44 Tex. Sup. Ct. J. 667 (Tex. 2001); *Bland Indep. Sch. Dist. V. Blue*, 34 SW3d 547, 554, 44 Tex. Sup. Ct. J. 125 (Tex. 2000)). In doing so, the trial court must construe the plaintiff's pleadings liberally in favor of jurisdiction, *Peek v. Equip. Serv. Co.*, 779 SW2d 802, 804, 33 Tex. Sup. Ct. J. 77 (Tex. 1989), and must take all factual allegations pleaded as true, unless the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction *Continental Coffee Prods. Co. V. Cazarez*, 937 SW2d 444, 449, 40 Tex. Sup. Ct. J. 172 (Tex. 1996). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction and such defect is incurable, immediate dismissal of the case is proper. *Peek*, 779 SW2d at 804-05; *City of Austin v. L.S. Ranch*, 970 SW2d 750, 753 (Tex. App. - Austin 1998, no pet.).

6. See, *Texas Dept. Of Health v. Simon Rocha*, 102 SW3d 348 (Tex. App. - Corpus Christi 2003). In *Simon Rocha*, the 13th Court of Appeal reversed the denial of a plea to

the jurisdiction where an employee sued alleging wrongful termination, slander and libel among other torts.

7.  The court reversed holding that the 107 <sup>th</sup> Judicial District Court of Cameron County had no jurisdiction to hear Plaintiff's common law tort claims of civil conspiracy, libel, slander, negligence, and intentional infliction of emotional distress.  The Appellate Court held that it was Plaintiff's burden to show sovereign immunity had been waived. Because Plaintiff failed to establish such a waiver, the trial court erred in not dismissing those tort claims against the Texas Dept. Of Health and its employees.  *Id.*, 102 SW3d at 353.

8.  A dismissal under Federal Rules of Civil Procedure, Rule 12(b)(6) is proper when "an affirmative defense or other bar to relief appears on the face of the complaint." *Garret v. Commonwealth Mort. Corp.*, 938 F.2d 591, 594 (5th Cir. 1991).

9.  Plaintiff has chosen to bring suit against the Brownsville Navigation District as such there is no jurisdiction for the Court to consider the tort claims alleged against Ms. Duke pursuant to the Tex.Civ.Prac. & Remedies Code §101.106:

> "(a) the filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter."

10.  According to the Tex.Civ.Prac & Rem. Code, Chapter 101, Section 101.001 - Definitions Subsections (3) - "Governmental units" means: (B) a political subdivision of this state, including any city, ...navigation district...."

DEFENDANTS BROWNSVILLE NAVIGATION DISTRICT OF
CAMERON COUNTY, TEXAS MISNAMED AS THE PORT OF BROWNSVILLE
AND DEBORAH LEE DUKE'S FIRST AMENDED MOTION TO DISMISS - PAGE 4
Port of Brownsville\Mtn Dismiss 1

11.   Defendants request that the Motion to Dismiss as to Plaintiff's remaining tortious cause of action of intentional infliction of emotional distress be dismissed for lack of jurisdiction.

**WHEREFORE, PREMISES CONSIDERED,** Defendants The Port of Brownsville and Deborah Lee Duke pray that Plaintiff's cause of action of  intentional infliction of emotional distress be dismissed at Plaintiff's cost, and that Plaintiff be ordered to replead his cause of action against The Port of Brownsville and Deborah Lee Duke, deleting this claim and for such other and further relief to which this Defendants may be entitled, either at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile  : (956) 542-0016

**Counsel for the Brownsville Navigation District misnamed as the Port of Brownsville and Deborah Lee Duke**

By:_____
     Elizabeth G. Neally
     State Bar No.:  14840400
     Federal ID No.: 8044

## CERTIFICATE OF CONSULTATION

I verify that I sent the attached correspondence to Ms. Esparza advising her of my intent to file the Motion to Dismiss.  She did not respond to the letter.

Elizabeth G. Neally

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendants the Port of Brownsville and Deborah Lee Duke's First Amended Motion to Dismiss has been served on all counsel of record:

Valerie R. Esparza
The Esparza Law Firm, P.C.
PO Box 369
Harlingen, Texas 78551-0369

via certified mail, return receipt requested on this the 28th day of April, 2005

Elizabeth G. Neally

DEFENDANTS BROWNSVILLE NAVIGATION DISTRICT OF
CAMERON COUNTY, TEXAS MISNAMED AS THE PORT OF BROWNSVILLE
AND DEBORAH LEE DUKE'S FIRST AMENDED MOTION TO DISMISS - PAGE 6
Port of Brownsville\Mtn Dismiss 1

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig++
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz++
David G. Oliveira

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666    Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049    Fax 956 631-8141

Adolph Guerra, Jr.+
D. Alan Erwin, Jr.
Michael A. Zanca*
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*
Liza M. Vasquez*

Allena L. Cano*

+Board Certified -
   Personal Injury Trial Law
   Texas Board of Legal Specialization

+Board Certified -
   Civil Trial Law
   Texas Board of Legal Specialization

April 19, 2005

File No.:
24,341

Valerie R. Esparza
THE ESPARZA LAW FIRM, P.C.
ATTORNEYS AT LAW
P. O. Box 369
Harlingen, Texas 78551-0369

     RE:    Style: *Vidal Cantu, Jr. v. Port of Brownsville and Deborah Lee Duke*
            Civil Action No. B-04-118, U.S. District Court, Southern District, Brownsville
            Division

Dear Ms. Esparza:

     Attached is Defendants The Brownsville Navigation District of Cameron County, TX misnamed as The Port of Brownsville and Deborah Lee Duke's First Amended Motion to Dismiss based on Plaintiff's First Amended Original Complaint. Please review this motion and call the undersigned at our Brownsville office to advise if you will voluntarily replead or if you are opposed.

     If I do not hear from you within 5 days of the date of this letter, I will assume you are opposed and note that on my Certificate of Consultation.

     Should you have any questions regarding this matter, please do not hesitate to contact the undersigned.

               Sincerely,

               ROERIG, OLIVEIRA & FISHER, L. L.P.

               Elizabeth G. Neally

EGN:lac