United States District Court
Southern District of Texas
FILED

MAY 0 4 2005

Michael N. Milby
Clerk of Court

CIVIL ACTION NO. B-04-118

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VIDAL CANTU, JR.,
Plaintiff

vs.

THE PORT OF BROWNSVILLE and
DEBORAH LEE DUKE

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Elizabeth G. Neally
Federal ID No. 8044
State Bar No. 14840400
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666 (Tel)
(956) 542-0016 (Fax)

ATTORNEY FOR DEFENDANTS
THE PORT OF BROWNSVILLE and
DEBORAH LEE DUKE

## TABLE OF CONTENTS

PAGE

I..................................................................................................................... 1

II.  SUMMARY JUDGMENT STANDARD EVIDENCE......................................... 2

III. SUMMARY JUDGMENT EVIDENCE............................................................... 3

IV. INTRODUCTION............................................................................................ 4

V.  ARGUMENTS AND AUTHORITIES................................................................ 6

    A.  Election of Remedies as to Duke.......................................................... 6

    B.  Intentional Infliction of Emotional Distress - Count "2"......................... 6

    C.  Breach of Contract - Count "3"............................................................. 9

    D.  Discrimination under Title VII "Count "1"............................................. 12

        1.  Prima Facie Case....................................................................... 12

        2.  Legitimate, Nondiscriminatory Reasons..................................... 14

    E.  Retaliation under Title VII - "Count "1".............................................. 16

        1.  Prima Facie Case....................................................................... 17

        2.  Legitimate and Nondiscriminatory Reasons.............................. 18

VI. CONCLUSION................................................................................................ 20

EXHIBITS TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT........... 22

INDEX OF CASES.................................................................................................. 23

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VIDAL CANTU, JR.                    §
    Plaintiff                  §
                               §          CIVIL ACTION NO.  B-04-118
vs.                                 §
                               §
THE PORT OF BROWNSVILLE and         §
DEBORAH LEE DUKE                    §
    Defendants                 §

---

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BROWNSVILLE NAVIGATION DISTRICT OF CAMERON COUNTY, TEXAS MISNAMED AS THE PORT OF BROWNSVILLE ("Brownsville Navigation District") and DEBORAH LEE DUKE Defendants in the above styled and numbered cause, and files its Motion for Summary Judgment and would show the court the following:

I.

Plaintiff Vidal Cantu, Jr. brings his actions in his First Amended Complaint against the Brownsville Navigation District, his employer, pursuant to 42 U.S.C. §2000e-5 (Title VII) alleging that he was discriminated against because of his male gender when the Brownsville Navigation District failed to train him and failed to give him a pay raise.  He also alleges intentional infliction of emotional distress and breach of contract.

## II.

### SUMMARY JUDGMENT STANDARD EVIDENCE

Summary judgment is proper if the evidence presented in the motion demonstrates that no genuine issue of material fact exists and that the moving parties are entitled to judgment as a mater of law. ***Anderson v. Liberty Lobby***, 477 U.S. 242, 250; 106 S. Ct. 2505, 2551 (1986); ***Celotex Corp v. Catrett***, 477 U.S. 317, 322; 106 S. Ct. 2548, 2552 (1986); Fed. R. Civ. P. 56.

Summary judgment is proper if the evidence presented in the motion demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); ***Anderson v. Liberty Lobby***, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986); ***Celotex Corp v. Catrett***, 477 U.S. 317, 322; 106 S. Ct. 2548, 2552 (1986); Fed. R. Civ. P. 56.

While this court should draw all inferences in favor of the party opposing the motion for summary judgment, the opposing party cannot create a genuine issue of material facts simply based on its own pleadings. ***Anderson***, 477 U.S. 242, 250; 106 S. Ct. AT 2510; ***Dorsett v. Board of Trustees***, 940 F.2d 121, 123 (5th Cir. La. 1991). Once the moving party has presented a properly supported motion for summary judgment, the burden shifts to the opposing party to present evidence that a genuine factual issue exists. The United States Supreme Court has held that summary judgment is mandated when, after an adequate time for discovery has elapsed, the none-existence of each element essential to the non-movant's case in which the non-movant will bear the burden of proof at trial. ***Celotex***, 477 U.S. at 322, 106 S. Ct. At 2552. "The mere existence of <u>some</u> alleged

factual disputes between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-8, 106 S. Ct. At 2510 (emphasis in original).   Summary judgment should be granted in favor of Defendants because no issues of material fact exist in Plaintiff's state law claims.

Defendants would further show that adequate time for discovery has occurred.

## III

## SUMMARY JUDGMENT EVIDENCE

In asserting its Motion for Summary Judgment, Defendants rely on the following summary judgment evidence: Plaintiff's First Amended Original Complaint, excerpts from Plaintiff's deposition, discovery, and the other exhibits referred to herein.

Exhibit A    - Plaintiff's First Amended Original Complaint
Exhibit B    - Deposition of Vidal Cantu, Jr.
Exhibit C    - Mediation Settlement Agreement
Exhibit D    - EEOC Complaint - Dated March 8, 2003
Exhibit E    - Affidavit of Deborah Lee Duke
     1. Correspondence to Cantu from Duke dated May 1, 1994
     2. Correspondence to Cantu from Duke dated May 12, 1997
     3. Application for Rosa Maria Hinojosa
     4. Documents reflecting pay raises
     5. Correspondence to Cantu from Duke dated March 6, 2002
     6. Correspondence to Cantu from Duke dated March 8, 2002
     7. Correspondence to file from Duke on June 27, 2003
     8. Correspondence to Cantu from Duke dated June 30, 2003
     9. Correspondence to Cantu from Duke dated July 15, 2003
   10. Correspondence to Eymard from Duke dated December 8, 2003
   11. Correspondence to Cantu from Duke dated December 8, 2003
   12. Reprimand to Cantu from Duke dated December 11, 1997
   13. Reprimand to Cantu from Christina Valdez dated April 13, 1995

## IV.

## INTRODUCTION

Plaintiff has filed in his First Amended Complaint an employment discrimination alleging he was discriminated and retaliated against under 42 U.S.C. §2000e-5. Plaintiff's First Amended Original Complaint alleges that Plaintiff was discriminated against because of sex and retaliated for filing an EEOC complaint, because he was assigned receptionist duties in 2000 and because he did not receive a pay raise in 2002. See, Exhibit A, Plaintiff's First Amended Original Complaint and Exhibit B, Deposition of Vidal Cantu, Jr., pp. 42-45, pp. 162-164.

Plaintiff Vidal Cantu, Jr. was employed full time with the Brownsville Navigation District since August 27, 1993. He was originally hired as the receptionist. See, Exhibit B, Deposition of Vidal Cantu, Jr., p. 16, l. 10-15. In 1994 he applied in the Finance Department with Deborah Duke for an account clerk position. On March 14, 1994, he was promoted to accounting clerk. Plaintiff had no written contract with The Brownsville Navigation District. See, Exhibit B, Deposition of Vidal Cantu, Jr., p. 18, l. 13 - p. 19, l. 4, and Exhibit E-2.

He claims his job duties were changed in 2000 to include performing receptionist duties when the receptionist was on her breaks. See, Exhibit B, Deposition of Vidal Cantu, Jr., p. 22, l. 25; p. 23, l. 10. In January, 2003, Petra Champion, a co-worker in the Finance Department was also assigned receptionist duties. See, Exhibit B, Deposition of Vical Cantu, Jr., p. 42.

He further claims to have seen a budget on or about 2002, which indicated that he should have earned $0.65 more than the pay raise he did receive for that year. However,

Plaintiff has no evidence of the budget in question. See, Exhibit B, Deposition of Vidal Cantu, Jr., pp. 42-45.

During his employment he consistently received pay raises.  See, Exhibit B, Deposition of Vidal Cantu, Jr., pp. 26-27.

During his employment he applied for two promotions.  The first he received as accounting clerk in 1994 and a second one in 1997.  Theses are the only times he applied for a promotion. See, Exhibit B, Deposition of Vidal Cantu, Jr., p. 25, l. 10-14.

He is one of two males in the accounting department. See, Exhibit B, Deposition of Vidal Cantu, Jr., pp. 30-31.

After filing an EEOC Complaint in 2001 alleging gender discrimination, he entered into the attached Mediation Settlement Agreement, Exhibit C, with the Brownsville Navigation District on May 29, 2001.

He claims the Brownsville Navigation District breached this agreement by failing to timely cross train him.  Yet, he does admit to being cross trained in 2002 and 2003.  See, Exhibit B, Deposition of Vidal Cantu, Jr., pp. 148-149 and pp. 100-102.

He also claims that Ricky Rodriguez discriminated against him because Ricky Rodriguez wanted his job.  See, Exhibit B, Deposition of Vidal Cantu, Jr., pp. 88-90.

At all times material it is undisputed that Plaintiff has been continuously employed at the Brownsville Navigation District.

At all times material it is undisputed that Plaintiff has been an employee of Brownsville Navigation District, See, Exhibit E, Affidavit of Deborah Lee Duke.

The Brownsville Navigation District is a governmental entity. Plaintiff was originally employed with the Brownsville Navigation District .

## V.

## ARGUMENTS AND AUTHORITIES

**A.    Election of Remedies as to Duke**

Plaintiff has chosen to bring suit against the Brownsville Navigation District as such there is no jurisdiction for the Court to consider the tort claims alleged against Ms. Duke pursuant to the Tex.Civ.Prac. & Remedies Code § 101.106:

> "(a) the filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter."

See also, ***Hernandez v. Duncanville School Dist.***, 2005 U.S. Dist LEXIS 5090, Hn. 8 at *17 (N.D. Tex. 2005) citing ***Livingston v. DeSoto I.S.D.***, 2004 WL 296 4977 at *2 (N.D. Tex. 2004) which dismissed employees, where Plaintiff also named the governmental entity as a Defendant, pursuant to § 101.106 of Tex. Civ. Prac. & Rem. Code.

By electing to file suit against the Brownsville Navigation District, Plaintiff has irrevocably elected and is barred from filing suit against Duke, an employee of Brownsville Navigation District. Therefore, any claims against Deborah Lee Duke should be dismissed.

**B.    Intentional Infliction of Emotional Distress - Count "2"**

In Section VI, paras 21-23 of Plaintiff's First Amended Original Complaint, Plaintiff raises a cause of action under the tort theory of intentional infliction of emotional distress.

The Brownsville Navigation District first asserts that pursuant to legislation propounded by the State of Texas the Brownsville Navigation District is sovereignly

immune for claims of tort, except those indicated pursuant to the Texas Tort Claims Act.

To the extent that Plaintiff raises claims of tort in his First Amended Original Complaint, the

Brownsville Navigation District is immune. See, Civil Practice and Remedies Code §

101.051. *Luna v. Harlingen Consolidated I.S.D.*, 821 S.W.2d 443, 444 (Tex. App. -

Corpus Christi 1991).

The Brownsville Navigation District is a political subdivision of the State and thus is

not liable in tort unless its common law immunity is waived by the Texas Tort Claims Act.

*Federal Sign v. Texas Southern University*, 951 S.W.2d 401, 405 (Tex. 1997), *Knowles*

*v. City of Granburg*, 953 S.W.2d 19, 23 (Tex. App. - Ft. Worth 1997, *writ den.*).

It is well settled that governmental entities that are an agency of the state, such as

cities and school districts, while exercising governmental functions are not answerable in

a suit sounding in tort. *Kinsey v. Ryan*, 1998 U.S. Dist. LEXIS 20688 (N.D. Tex. 1998)

citing *Edwards v. Nederland I.S.D.*, 930 F.Supp. 272, 276 (E.D. Tex. 1996); *Keiffer v. So.*

*Pac. Trans. Co.*, 486 F. Supp. 798, 799 (E.D. Tex. 1980).

The Texas Tort Claims Act specifically preserves sovereign immunity except for the

limited waiver that is contained in the Texas Tort Claims Act.  Defendant, Brownsville

Navigation District, continues to be immune from suit, as well as liability, for claims of tort

like those alleged in Plaintiff's Original Complaint.

> If a plaintiff pleads facts that affirmatively demonstrate an absence of
> jurisdiction and such defect is incurable, immediate dismissal of the case is
> proper.  *Peek*, 779 SW2d at 804-05; *City of Austin v. L.S. Ranch*, 970
> S.W.2d 750, 753 (Tex. App. - Austin 1998, no pet.).

See, *Texas Dept. Of Health v. Simon Rocha*, 102 S.W.3d 348 (Tex. App. - Corpus

Christi 2003).  In *Simon Rocha*, the 13th Court of Appeal reversed the denial of a plea to

the jurisdiction where an employee sued alleging wrongful termination, slander and libel among other torts.

The court reversed holding that the 107th Judicial District Court of Cameron County had no jurisdiction to hear Plaintiff's common law tort claims of civil conspiracy, libel, slander, negligence, and intentional infliction of emotional distress. The Appellate Court held that it was Plaintiff's burden to show sovereign immunity had been waived. Because Plaintiff failed to establish such a waiver, the trial court erred in not dismissing those tort claims against the Texas Dept. of Health and its employees. *Id.*, 102 SW3d at 353.

Section 101.057 of the Texas Tort Claims Act specifically provides that this chapter does not apply for intentional torts. Federal Courts have specifically held this to include claims of intentional infliction of emotional distress, slander and libel. See, *Ingram v. City of Farmers Branch*, 2001 U.S. Dist. LEXIS 8580 *21-22 (N.D. Tex. 2001) citing *Aston v. City of Cleburn*, 2000 U.S. Dist. LEXIS, 2000 WL 217876 (N.D. Tex. 2000) at #3; *Kesler v. King*, 29 F. Supp. 2d 356, 375-376 (S.D. Tex. 1998).

Plaintiff's First Amended Original Complaint brings this cause of action solely against Defendants. At all times material Ms. Duke was acting as an employee of the Defendant, Brownsville Navigation District and therefore is entitled to official immunity.

See also, *Wal-Mart Stores, Inc. v. Bertrand*, 27 S.W.3d 1 (Tex. App. - Tyler 2000) where the court concluded that behavior by a supervisor in asking an employee if he was ready to transfer one week after being hired, always appearing angry and raising her voice to him, constantly criticizing the employee, referring to the employee as Bozo the Clown, and refusing to allow the employee to attend his daughter's softball games were

considered as part of an ordinary employment relationship and did not rise to the level of the extreme and outrageous conduct. The court concluded that even if these actions exhibited bad management and poor people skills, they were not extreme and outrageous conduct for the purposes of establishing a claim under intentional infliction of emotional distress.

The court concluded in ***City of Midland***, that even if there was wrongful transfer, failure to promote or termination of an employee those actions, standing alone, did not constitute intentional infliction of emotional distress. ***City of Midland v. O'Bryant***, 18 S.W.3d 209, 217 (Tex. 2000). There is no way that the facts set out by the Plaintiff in his deposition and petition could constitute extreme and outrageous conduct that would merit an award of intentional infliction of emotional distress and therefore these claims should be dismissed.

See also, ***Wal Mart v. Canchola***, which affirmed that the question of whether outrageous conduct has occurred is left to the court. "Only when reasonable minds may differ is it for the jury to determine whether conduct has been sufficiently extreme and outrageous to result in liability." ***Canchola***, 46 Tex. Supp. J. 1116 at Hn.7.

**C.     Breach of Contract - Count "3"**

In Section VII, paras 24-26 of Plaintiff's First Amended Original Complaint, Plaintiff claims a cause of action for breach of contract referring specifically to a Mediation Settlement Agreement which is attached as Exhibit C.

Plaintiff admits this is the only contract at issue as he is aware of no other contracts he had with Defendant. See, Exhibit B, Deposition of Vidal Cantu, Jr., p. 60, I. 6-11.

Defendant would show that Plaintiff has not exhausted his remedies before bringing this breach of the Mediation Settlement Agreement. The proper venue would have been to bring a claim with the Alternative Dispute Resolution division of the Equal Employment Opportunity Commission.

Plaintiff asserts as a cause of action that the Mediation Settlement Agreement entered by the EEOC was breached by Defendant. Federal common law controls a release of federal claims, including predetermination of settlements of EEOC claims. **_Kessell v. Mega Life and Health Ins. Co._**, 2005 U.S. Dist. LEXIS 2308, Hn. 3. (N.D. [Tex.] 2005) citing., 307 F. 3d 368, 372 (5th Cir. 2002); **_Fulgence v. J. Ray McDermott & Co._**, 662 F. 2d 1207, 1209 (5th Cir. 1981). Federal common law consists of general principals of contract. See, **_Valle v. Johnson Controls World Servs._**, 957 F. Supp. 1404, 1423-24 (S. D. Miss. 1996).

"A party cannot be permitted to retain the benefits received under a contract and at the same time escape the obligations imposed by the contract." **_Kessell_**, at Hn. 4 citing **_Grillett v. Sears, Roebuck & Co._**, 927 F.2d 217, 220 (5th Cir. Tex. 1991).

Accordingly, a person who signs a release, then sues her employer for matters covered under the release, is obligated to return the consideration at the outset of the case. **_Williams v. Phillip Petroleum Co._**, 23 F.3d 930, 937 (5th Cir. Tex. 1994); **_Faris v. Williams WPC-I, Inc._**, 332 F.3d 316, 323 (5th Cir. Tex. 2003).

The settlement agreement provides that:

"Within ten days of receipt of a finalized copy of this agreement, Brownsville Navigation District will increase the wage or salary rate of the charging party to $9.00 per hour.

"Charging party will continue his relief switchboard operator duties as stated in his job description of Accounting Clerk Position during the morning, lunch and afternoon breaks.

"Within ten days of receipt of a finalized copy of this agreement, charging party will institute the following training in areas of posted accounts receivable, preparing accounts payable vouchers and maintaining accounts receivable logs with no assurance of promotions at this level."

The only breach of this Agreement by Defendant is that Plaintiff was not cross trained in a timely fashion. Plaintiff admits all other elements of the agreement were met. This is not a material breach of the agreement if the substantial agreement terms were met. Because this is not a material breach of the agreement; Plaintiff's breach of contract claims should fail.

Further, Plaintiff himself breached the contract himself on occasion in December, 2002 by refusing to perform his receptionist duties.

Q.    (BY MS. NEALLY) You refused to perform the duties of the receptionist on that date, correct? Is that the date on - on the - in December, right?
A.    Well, yes, I guess, yes.
Q.    Okay.
A.    Bust she –
Q.    And Ms. Valdez was in charge of the department?
A.    At that time.
Q.    At that time, right?
A.    Yes.
Q.    She was your immediate supervisor, correct?
A.    That's correct.
Q.    And she gave you an order to – to fill those duties, correct, and you refused?
A.    There was circumstances around that.
Q.    I understand there were circumstances, but that's – that's the bottom line –
A.    That's the bottom line.

Q.   – give to you?
A.   Uh-huh.

See, Exhibit B, Deposition of Vidal Cantu, Jr., p. 56, I. 2-21.

Plaintiff's breach of the contract nulifies the contract.

For the reasons outlined above, Plaintiff's Breach of Contract claim should be dismissed.

**D.   Discrimination under Title VII "Count 1"**

**1. Prima Facie Case**

In Section V, paras. 16-20 of Plaintiff's First Amended Original Complaint, Plaintiff raises a cause of action under Title VII, 42 USC § 2000e.   Plaintiff claims Defendant intentionally discriminated against him and for retaliation by refusing to train or promote him.

Plaintiff's claims under 42 U.S.C. §2000e et seq. ("Title VII") must fail either because Plaintiff cannot a establish prima facie case or because he cannot prove that Defendant's actions were a pretext for discrimination both of which are required in order to succeed in a Title VII case. ***Reeves v. Sanderson Plumbing Products, Inc.***, 530 U.S. 133, 142; 120 S.Ct. 2097, 2106; 147 L.Ed.2d 105 (2000).

In order to make a prima facie case for gender discrimination under Title VII, Plaintiff must show that: 1) he is a member of a protected class; 2)that he applied for and was qualified for a job for which the employer was seeking applications; 3) the employer did not offer the position to Plaintiff; and 4) the position remained open and the employer continued to seek applications from persons with the Plaintiff's qualifications.   See ***McDonnel Douglas Corp. v. Green***, 411 U.S. 792, 802 (1973); ***Tanik v. So. Methodist Univ.***, 116 F.3d 775 (5th Cir. Tex. 1997).

Plaintiff must establish his prima facie case by showing that he 1) is a member of a protected class; 2) was qualified for his position; 3) was subjected to an adverse employment action; and 4) was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably. ***Septimus v. Univ. of Houston***, 399 F.3d 601 Hn. 6 (5th Cir. Tex. 2005); ***Shackelford v. Deloitte & Touche, LLP***, 190 F.3d 398, 404 (5th Cir. Tex. 1999).

Specifically, Plaintiff cannot prove that he suffered adverse employment action as a result of discrimination. Specifically, he cannot show that the actions complained of are adverse as that term is defined by the Courts. Adverse employment action is defined as: "Only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." ***Wooten v. St. Francis Medical Ctr.***, 108 Fed. Appx. 888, 891 (5th Cir. La. 2004); 104 F.3d 702, 708 (5th Cir. La. 1997); ***Dollis v. Rubin***, 77 F.3d 777, 781-782 (5th Cir. La. 1995).

The only position Plaintiff ever applied for was in 1997 for an accounts receivable position which was long before he ever filed a discrimination complaint and a position for which he was not qualified. See, Exhibit E, Affidavit of Deborah Lee Duke. Since that time he has not applied for any promotions. See, Exhibit B, Deposition of Vidal Cantu, Jr., pp. 25-27. This failure to promote in 1997 is not the subject of Plaintiff's EEOC complaints and is outside the limitation period for his discrimination case and, therefore, should not be considered by the court. Although the actual complaint is no longer available. Plaintiff filed his EEOC complaint on or about March 8, 2003. See, Exhibit D-1. His complaint does not mention the denial of a promotion in 1997.

The only other evidence of adverse employment action is the alleged failure to cross train and that he was required to perform receptionist duties. This failure is simply outside the scope of adverse employment action and as such Plaintiff is unable to prove a prima facie case.

Additionally, Plaintiff alleges that the other male in the department has received more training then him and as such he also cannot show that similarly situated persons were treated the same as him. See Exhibit B, Deposition of Vidal Cantu, Jr., pp. 101-102; p. 157.

Plaintiff's unsubstantiated complaint that he did not receive a raise of $0.65 in 2002 is mere speculation on his part and unsupported by any credible evidence. Mere speculation on the part of the Plaintiff is not credible evidence and should not be considered by the Court. See, **_Patton v. United Parcel Services_**, 910 F.Supp. 1250, 1263 (S.D. Tex. 1995).

Plaintiff's evidence of adverse employment action are that of his job duties as receptionist relief and that he was not timely cross trained.

These employment actions do not rise to the level of adverse actions as that term has been clarified by the Courts and therefore, Plaintiff can meet the requirements of a prima facie case in order to proceed forward in the determination of whether Defendant discriminated against Plaintiff.

### 2. Legitimate, Nondiscriminatory Reasons

However, in the event the Court determines he has met his prima facie case, Defendant asserts that it had a legitimate, nondiscriminatory reason for the decision not to hire Plaintiff as supervisor. In a Title VII or a TCHR case, once the Plaintiff makes out a

prima facie case, an inference of discrimination arises and the defendant employer then bears the burden of articulating a legitimate, nondiscriminatory reason for the decision. *__Grimes v. Tex.Dept. Of Mental Health and Mental Retardation__*, 102 F.3d 137, 140 (5th Cir. Tex. 1996); *__McDonnell Douglas__*, 411 U.S. at 801-03.

"After legitimate, nondiscriminatory reason is offered, the presumption of unlawful discrimination, created by Plaintiff's prima facie case disappears. Plaintiff must then demonstrate that the articulated rationale is merely a pretext for discrimination." *__Gold v. Exxon Corp.__*, 960 S.W.2d 378, 381 (Tex. App.— Houston [14[th] Dist.] 1998]. See also *__Lawrence v. Univ. Of Texas Medical Branch at Galveston__*, 163 F.3d 309 (5th Cir. Tex. 1999).

The attached Exhibit E, Affidavit of Deborah Lee Duke establishes the reasons why Plaintiff was given the assignments of receptionist, why Plaintiff received the raises he received, as well as not being hired as the Bookkeeping Specialist II in 1997. They are as follows.

Rosa Maria Hinojosa had more experience then Plaintiff and was therefore hired in 1997. Mr. Cantu had been hired as receptionist and was experienced to perform those duties. The relief receptionist duties were part of Mr. Cantu and later Ms. Champion's job duties. Mr. Cantu received all budgeted raises that he was entitled to and that were approved by the Brownsville Navigation District Commissioners. See, Exhibit E, paragraphs 3-14.

For Plaintiff to prevail, he must show that the stated reasons were a pretext for discrimination. *__McDonnell Douglas__*, 411 U.S. at 804-05. Mere subjective belief of discrimination will not defeat the employer's proffered reason for challenged employment decision. To succeed, the Plaintiff must raise "fact issues that reason for the employment

decision was false, and that discrimination was the real reason." *Lawrence v. Univ. Of Texas Medical Branch at Galveston*, 63 F.3d, 309 (5th Cir. Tex. 1999).

In this case, Plaintiff has not alleged and has not shown any direct evidence of discrimination. Plaintiff speculates about a raise he was told about by a co-worker. Plaintiff speculates he was given receptionist duties because he was male. Plaintiff again speculates he was not timely cross trained.

An employee's own subjective belief of race discrimination, however genuine, cannot serve as the basis for judicial relief." *Patton v. United Parcel Services*, 910 F. Supp. at 1263. "Furthermore, the employment discrimination laws are not intended to be a vehicle for judicial second guessing of business decisions, nor ... to transform the courts into personnel managers." Id, at 1263 *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1507-08 (5th Cir. Tex. 1988).

While some of the reasons stated by Ms. Duke for her decisions affecting Mr. Cantu may be subjective in nature, "subjective criteria necessarily and legitimately enter into personnel decisions involving supervisory positions." *Risher v. Aldridge*, 889 F.2d 592 (5th Cir. Tex. 1989) citing *Lerma v. Bolger*, 689 F.2d 589,, 592 (5th Cir. Tex. 1982).

The attached affidavit of Deborah Lee Duke establishes that she had a legitimate business reasons for the cross training of Plaintiff the way she chose and for assigning him duties as a receptionist.

Therefore, Plaintiff's case should be dismissed since he is unable to show that the reasons stated are a pretext for discrimination.

## E. Retaliation under Title VII - "Count 1"

Plaintiffs second reason for his claim of discrimination under the EEOC and Texas Commission of Human Rights is that he was retaliated against because he filed an EEOC

complaint and complained he was discriminated against because of his gender.  See, Exhibit D-2, EEOC complaint and Exhibit A, Plaintiff's First Amended Original Complaint, Section V.

**1. Prima Facie Case.**

The **_McDonnell Douglas_** evidentiary framework applies to Title VII retaliation claims brought under a pretext theory.  It is the employee's ultimate burden to prove that the employer's stated reason for the adverse action was merely a pretext for the real, retaliatory purpose.  The proper standard of proof is that the adverse employment action taken against the plaintiff would not have occurred "but for" her protected conduct.  The Fifth Circuit has "consistently held that in retaliation cases where the defendant has proffered a nondiscriminatory purpose for the adverse employment action the plaintiff has the burden of proving that 'but for' the discriminatory purpose he would not have been terminated." **_Septimus_**, 399 F.3d at 608.

It is Cantu's burden to first demonstrate a prima facie case of retaliation.  The elements of his prima facie evidentiary showing are 1) that he engaged in a protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action.  **_Id_**., 399 F.3d at 609.  If he successfully establishes his prima facie case, the burden then shifts to the Brownsville Navigation District to state a legitimate non-retaliatory reason for its action.  At this point, any presumption of retaliation drops from the case, and Plaintiff must show that the Brownsville Navigation District stated reason is actually a pretext for retaliation. **_Septimus_**, 399 F.3d at 610-611 citing **_Pineda v. U.S. Parcel Serv._**, 360 F.3d 487 (5th Cir. Tex. 2004).

For the same reasons outlined above concerning his claim that he was not cross trained and had job duties as a receptionist were discrimination, Plaintiff's claims of

retaliation fail because these employment matters are simply not adverse employment actions. Plaintiff cannot show that he is a member of a protective class. As previously related, there has been no evidence that he was a member of a protective class as it pertains to this particular lawsuit. Deborah Lee Duke's affidavit establishes that the Plaintiff received all pay raises he was entitled to and he received cross training.

Further, Defendant would show that Plaintiff was not qualified for his position because he failed to conform his workplace conduct to the Defendant's legitimate expectations that he would follow directives of his supervisors. See ***Sreeram v. LSU Medical Center***, 188 F.3d 314 (5th Cir. La. 1999).

### 2. Legitimate and Nondiscriminatory Reasons

For the same reasons outlined in subpart Discrimination V.A.2, Plaintiff's claims should be dismissed because Defendant articulated, legitimate reasons for its decisions concerning Plaintiff. Plaintiff cannot show these reasons to be a pretext for discrimination. Defendant has a burden only of production. Once the Defendant offers it's reason for the termination, the burden shifts back to the Plaintiff to prove that Defendant's proferred reason is merely a pretext for discrimination. ***Mayberry v. Vought Aircraft Co.***, 55 F.3d 1086, 1091 (5th Cir. Tex. 1995) citing ***St. Mary's Honor Center v. Hicks***, 113 S. Ct. 2742, 2749; 509 U.S. 502; 125 L.Ed.2d 407 (1993). To prove pretext, the Plaintiff must do more than reassert his prima facie case. ***Hicks*** at 2749.

The attached affidavit of Deborah Lee Duke, Director of Finance/Fund Contact Administrator, establishes that the Brownsville Navigation District believed Vidal Cantu, Jr. had problems with accepting constructive criticism, taking directives from authoritative personnel, and working with co-workers and that his work was below average. Further her affidavit establishes that because of his prior experience as a receptionist he was assigned

those duties.  Further, the Finance Department has always had responsibilities to provide coverage when the regular receptionist is on a break or ill.  Attempts had been made to cross train Plaintiff to perform other jobs within the Department; however, Plaintiff's limited ability to grasp new concepts limited the tasks he was able to perform.

Defendant has shown that on at least two occasions prior to his filing an EEOC complaint Vidal Cantu, Jr. received a reprimand relating to his insubordination.  See, Exhibit E-12 and 13, reprimands dated December 11, 1997 and April 13, 1995 respectively.

The reasons offered by Defendants for actions relating to Plaintiff may be subjective, they may even be incorrect, but there is no evidence that they are a pretext for discrimination.  As stated in *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93 (5th Cir. Miss. 1991).  "[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate nondiscriminatory reason.  We do not try in court the validity of good faith beliefs as to an employee's competence.  Motive is the issue." *Id*. at 97 citing *De Anda v. St. Joseph Hospital*, 671 F. 2d 850, 854 Hn. 6 (5th Cir. Tex. 1982).

Plaintiff is unable to produce any evidence that his gender was the motive in any employment actions concerning him.  There is no evidence of pretext to refute that.  Plaintiff was insubordinate and did not work well with others and had a difficult time in grasping new concepts.  Plaintiff's opinion on this issue is irrelevant unless he has evidence that it was because he was in a protected class. Plaintiff cannot show that but for his filing an EEOC complaint that any adverse employment action was taken against him.  Therefore, Plaintiff's claim of retaliation should also be dismissed.

# VI.
## CONCLUSION

Plaintiff's failed to establish a prima facie case that he was discriminated against through adverse employment action.  Plaintiff cannot show that adverse employment action has been taken against him by the Defendants as that term is defined by the courts and therefore, Plaintiff cannot prove his prima facie case and his case should be dismissed. Further, Defendants have established legitimate non-discriminatory reasons for the employment actions taken concerning Plaintiff to which Plaintiff has failed to show that the reasons proffered were pretextual.   Therefore, Plaintiff's claims of discrimination and retaliation should be dismissed against these Defendants.

The remaining tort claims should be dismissed as Plaintiff by suing the Brownsville Navigation District has no recourse against Defendants and the Brownsville Navigation District is sovereignly immune from these tortious claims.

WHEREFORE, PREMISES CONSIDERED Defendants Brownsville Navigation District of Cameron County, Texas misnamed as the Brownsville Navigation District and Deborah Lee Duke pray that this Court grant its motion for summary judgment in its entirety for all causes of action asserted against it by Plaintiff Vidal Cantu, Jr., and for any and all further relief to which the Defendants is justly entitled in law or in equity, including costs of court.

Respectfully Submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: 956-542-5666
Telecopier: 956-542-0016

By: _____
    Elizabeth G. Neally
    State Bar No. 14840400
    Federal Bar No. 8044

**COUNSEL FOR DEFENDANTS BROWNSVILLE NAVIGATION DISTRICT OF CAMERON COUNTY, TEXAS MISNAMED AS THE PORT OF BROWNSVILLE and DEBORAH LEE DUKE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** was deposited with the U.S. Postal Service, postage prepaid, Certified Mail, Return Receipt Requested to Ms. Valerie R. Esparza, The Esparza Law Firm, P.C., PO Box 369, Harlingen, Texas 78551-0369 on this _4_ day of May, 2005.

_____
Elizabeth G. Neally