**161**

1  Q. And what did they tell you at that meeting
2  about that raise?
3  A. They said that I still got a raise, the 65 cent
4  raise and that everyone would -- got different raises,
5  different amounts for what -- different reasons.
6  Q. Okay. Did you ever discuss that raise with Ms.
7  Duke?
8  A. No, ma'am, not with her. I don't believe I
9  have with Ms. Duke.
10 Q. Other than Ms. Trevino showing you the budget
11 you never had any discussions with anybody about that
12 you were going to get a raise that year of $1.20 an
13 hour?
14 A. No. It was just -- that was about it.
15 Q. Okay. That's your sole basis for claiming that
16 you --
17 A. Yes.
18 Q. -- should have gotten that? Okay.
19 A. That's correct.
20 Q. What other adverse employment actions other
21 than those two things do you claim have occurred?
22 A. Like -- I'm not sure I'm following -- I'm
23 understanding the question.
24 Q. What other adverse employment actions do you
25 claim have taken place since 2000?

**162**

1  A. I don't know.
2  Q. Do you know of any other ones?
3  A. No, ma'am.
4  Q. Those are the --
5  A. I'm not following the question. I'm sorry.
6  Q. You remember I said that I'm going to assume
7  you're understanding my question --
8  A. Right.
9  Q. -- so I need to know if you don't understand
10 it.
11 A. Right.
12 Q. And I have asked you what -- you know, we've
13 talked about the two things that I've seen and we've
14 talked about today that I've -- that were adverse
15 employment actions that have been taken against you
16 since 2000. One is that you had to do the reception
17 duty.
18 A. Okay.
19 Q. And the other one is that you did not get the
20 raise that you thought you were entitled to.
21 A. Okay. I'm following.
22 Q. Any other adverse employment actions?
23       MS. ESPARZA: Objection. Go ahead and
24 answer.
25 A. I don't know. I mean --

**163**

1  Q. You don't know of any others?
2  A. I don't know of any others. I mean, I can't
3  think right now.
4  Q. Well, sir, it's not a question that you can't
5  think right now. I'll be glad to take a break and you
6  can think about it, but I need to know, are there any
7  other adverse employment actions that you're
8  claiming --
9        MS. ESPARZA: Objection.
10 Q. (BY MS. NEALLY) -- other than the two things we
11 talked about?
12       MS. ESPARZA: Objection. I don't know if
13 he --
14       MS. NEALLY: You know, I'm going to object
15 to your coaching the witness, okay?
16       MS. ESPARZA: I'm not coaching the
17 witness. I think -- I'm objecting on the grounds of
18 vague and confusing.
19 Q. (BY MS. NEALLY) Do you understand what adverse
20 means?
21 A. Not really.
22 Q. Negative, negative employment action?
23 A. Okay.
24 Q. Action that has affected a term or a condition
25 of your employment, okay?

**164**

1  A. I don't believe there's -- I mean, I don't
2  believe there's any others --
3  Q. Okay.
4  A. -- if that's what you're asking.
5  Q. Right. The -- you filed two claims with the
6  Equal Employment Commission, correct?
7  A. Correct.
8        MS. NEALLY: Pass the witness.
9        MS. ESPARZA: I'll reserve my questions
10 until time of trial.
11       (Exhibit No. 24 marked.)
12       (Deposition concluded at 2:36 p.m.)

165

```
 1              ERRATA SHEET/SIGNATURE PAGE
 2
 3    PAGE  LINE  CHANGE              REASON
 4
 5    _____
 6    _____
 7    _____
 8    _____
 9    _____
10    _____
11    _____
12    _____
13    _____
14    _____
15    _____
16    _____
17    _____
18    _____
19    _____
20    _____
21    _____
22    _____
23    _____
24    _____
25
```

166

```
 1    I, VIDAL CANTU, JR., have read the foregoing
 2    transcript and hereby affix my signature that same is
 3    true and correct, except as noted above.
 4
 5                    _____
 6                    VIDAL CANTU, JR.
 7    THE STATE OF TEXAS
 8    COUNTY OF CAMERON
 9
10         SUBSCRIBED AND SWORN TO BEFORE ME, the
11    undersigned authority on this the _____ day of
12    _____, 2005.
13
14
15
16
17                    _____
                      Notary Public in and for
                      The State of Texas
```

167

```
 1         IN THE DISTRICT COURT OF THE UNITED STATES
              FOR THE SOUTHERN DISTRICT OF TEXAS
 2                     BROWNSVILLE DIVISION

 3    VIDAL CANTU, JR.        )(
           Plaintiff          )(
 4                            )(
      VS.                     )(   CIVIL ACTION NO. B-04-118
 5                            )(
      THE PORT OF BROWNSVILLE )(
 6    and DEBORAH LEE DUKE    )(
           Defendants         )(
 7
                     REPORTER'S CERTIFICATION
 8
 9         I, MONA M. HAVENS, Certified Court Reporter, certify
10    that the witness, VIDAL CANTU, JR., was duly sworn by
11    me, and that the deposition is a true and correct
12    record of the testimony given by the witness on JANUARY
13    27, 2005; that the deposition was reported by me in
14    stenograph and was subsequently transcribed by me or
15    under my supervision.
16         I FURTHER CERTIFY that I am not a relative,
17    employee, attorney or counsel of any of the parties,
18    nor a relative or employee of such attorney or counsel,
19    nor am I financially interested in the action.
20         WITNESS MY HAND on this the _____ day of
21    _____, 2005.
22
23
24
25
```

168

```
MONA M. HAVENS, Texas CSR 2184
Expiration Date: 12-31-06
Hill & Romero
Certified Court Reporters
Firm Registration No. 313
10125 N. 10th, Suite B
McAllen, Texas  78504
(956) 287-8898
```

Hill & Romero
Certified Court Reporters