United States District Court
Southern District of Texas
FILED

OCT 1 2 2005

Michael N. Milby
Clerk of Court

THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIDAL CANTU, JR. | § | |
| Plaintiff | § | |
| vs. | § | CIVIL ACTION NO. B-04-118 |
| | § | |
| THE PORT OF BROWNSVILLE and | § | |
| DEBORAH LEE DUKE | § | |
| Defendants | | |

## DEFENDANTS BROWNSVILLE NAVIGATION DISTRICT OF CAMERON COUNTY, TEXAS MISNAMED AS THE PORT OF BROWNSVILLE AND DEBORAH LEE DUKE'S PORTION OF JOINT PRETRIAL ORDER

**NOW COME,** Defendants Brownsville Navigation District of Cameron County, Texas misnamed as The Port of Brownsville ("Brownsville Navigation District") and Deborah Lee Duke ("Duke"), respectfully file their portion on the Joint Pretrial Order. Plaintiff was contacted and requested to provide his portion of the Joint Pretrial Order, but failed to provide his portion to Defendants for incorporation by the deadline set by the Court. See Exhibit A to attachments, correspondence to Plaintiff requesting his portion of the Joint Pretrial Order.

1.    **APPEARANCES OF COUNSEL**

      A.    **Plaintiff** *pro se:*

           Mr. Vidal Cantu
           P.O. Box 1927
           Port Isabel, Texas 78578

      B.    **Attorney for Defendant Brownsville Navigation District of Cameron County, Texas and Deborah Lee Duke**

           Ms. Elizabeth G. Neally
           State Bar No. 14840400
           Fed ID #8044

Mr. Jeffrey D. Roerig
Texas State Bar #17161700
Federal Bar No. 1503
Ricardo Morado
State Bar #14417250
Federal ID#1213
**ROERIG, OLIVEIRA & FISHER, LLP**
10225 North Tenth Street
McAllen, Texas 78504
Telephone: (956) 393-6300
Facsimile: (956) 386-1625

## 2.    STATEMENT OF THE CASE

Plaintiff brings suit against the Brownsville Navigation District and Duke under Title VII of the Civil Rights Act, claiming that he was discriminated because of gender and retaliated against by the Defendants when he was not provided training and was required to work as a receptionist after filing an EEOC complaint. He also brought suit against Deborah Duke for intentional infliction of emotional distress and for Breach of Contract.

Defendants believe the evidence will show that Plaintiff can not recover under these causes of action.

## 3.    JURISDICTION

This Court has jurisdiction pursuant to 28 USC § 1331, as this is a civil action arising under the Constitution and laws of the United States. This Court has pendant jurisdiction over all claims under the laws of the State of Texas.

## 4.    MOTIONS

The motions pending before this Court are Defendants Brownsville Navigation District and Duke's Motion for Summary Judgment and Brownsville Navigation District's Motion to Dismiss.

Defendant also intends on filing a Motion to Dismiss for Want of Prosecution.

**5.     CONTENTIONS OF THE PARTIES**

    **A.     Plaintiffs' Contentions - unknown**

    **B.     Defendants' Contentions**

        **1.)     Election of Remedies as to Duke**

Plaintiff has chosen to bring suit against the Brownsville Navigation District as such there is no jurisdiction for the Court to consider the tort claims alleged against Ms. Duke pursuant to the Tex.Civ.Prac. & Remedies Code § 101.106.

By electing to file suit against the Brownsville Navigation District, Plaintiff has irrevocably elected and is barred from filing suit against Duke, an employee of Brownsville Navigation District. Therefore, any claims against Deborah Lee Duke should be dismissed.

        **2.)     Discrimination under Title VII "Count 1"**

            **a. Prima Facie Case**

In Section V, paras. 16-20 of Plaintiff's First Amended Original Complaint, Plaintiff raises a cause of action under Title VII, 42 USC § 2000e. Plaintiff claims Defendant intentionally discriminated against him and for retaliation by refusing to train or promote him.

Plaintiff's claims under 42 U.S.C. §2000e et seq. ("Title VII") must fail either because Plaintiff cannot a establish prima facie case or because he cannot prove that Defendant's actions were a pretext for discrimination both of which are required in order to succeed in a Title VII case.

Defendant will show that Plaintiff cannot prove that he suffered adverse employment action as a result of discrimination. Specifically, he cannot show that the actions complained of are adverse as that term is defined by the Courts.

Additionally, Plaintiff admits that the other male in the department has received more training then him and as such he will not be able to show similarly situated persons were treated the same as him.

Plaintiff's unsubstantiated complaint that he did not receive a raise of $0.65 in 2002 is mere speculation on his part and unsupported by any credible evidence.

Plaintiff's evidence of adverse employment action are that of his job duties as receptionist relief and that he was not timely cross trained. Defendant contends that these employment actions do not rise to the level of adverse actions as that term has been clarified by the Courts and therefore, Plaintiff can not meet the requirements of a prima facie case in order to proceed forward in the determination of whether Defendant discriminated against Plaintiff.

### b. Legitimate, Nondiscriminatory Reasons

Defendant will prove that it had legitimate, nondiscriminatory reasons for the decision not to hire Plaintiff as supervisor, for placing Plaintiff as a receptionist and provided cross training of Plaintiff.

### 3.) <u>Retaliation under Title VII - "Count 1"</u>

Plaintiffs second reason for his claim of discrimination under the EEOC and under the Texas Commission of Human Rights Act is that he was retaliated against because he filed an EEOC complaint and complained he was discriminated against because of his gender.

### a. Prima Facie Case.

It is Cantu's burden to first demonstrate a prima facie case of retaliation.

For the same reasons outlined in the Plaintiff's discrimination case, Plaintiff's claims of retaliation fail because these employment matters are simply not adverse employment actions.

Plaintiff cannot show that he is a member of a protective class.

Further, Defendant will show that Plaintiff was not qualified for his position because he failed to conform his workplace conduct to the Defendant's legitimate expectations that he would follow directives of his supervisors.

### b. Legitimate and Nondiscriminatory Reasons

Defendant will show articulated, legitimate reasons for its decisions concerning Plaintiff. Plaintiff will not be able to show these reasons to be a pretext for discrimination.

### 4.) Intentional Infliction of Emotional Distress - Count "2"

In Section VI, paras 21-23 of Plaintiff's First Amended Original Complaint, Plaintiff raises a cause of action under the tort theory of intentional infliction of emotional distress.    Pursuant to legislation propounded by the State of Texas the Brownsville Navigation District is sovereignly immune for claims of tort, except those indicated pursuant to the Texas Tort Claims Act.  To the extent that Plaintiff raises claims of tort in his First Amended Original Complaint, the Brownsville Navigation District is immune.  See, Civil Practice and Remedies Code § 101.051.

Wherein, Duke is officially immune from this tort as an employee acting in her official capacity.  In the alternative, this tort is duplicitous as a "gap filler" tort of the same claims made under the Texas Commission of Human Rights.  Further, the actions by Duke do not rise to the level of intentional infliction of emotional distress as it has been defined under Texas law.

### 5.) Breach of Contract - Count "3"

In Section VII, paras 24-26 of Plaintiff's First Amended Original Complaint, Plaintiff claims

a cause of action for breach of contract referring specifically to a Mediation Settlement Agreement which is attached as Exhibit C.

Defendant would show that Plaintiff has not exhausted his remedies before bringing this breach of the Mediation Settlement Agreement. The proper venue would have been to bring a claim with the Alternative Dispute Resolution division of the Equal Employment Opportunity Commission.

Plaintiff asserts as a cause of action that the Mediation Settlement Agreement entered by the EEOC was breached by Defendant. Federal common law controls a release of federal claims, including predetermination of settlements of EEOC claims. The only breach of this Agreement by Defendant is that Plaintiff was not cross trained in a timely fashion. Plaintiff admits all other elements of the agreement were met. This is not a material breach of the agreement if the substantial agreement terms were met. Because this is not a material breach of the agreement; Plaintiff's breach of contract claims should fail.

Further, Plaintiff himself breached the contract himself on occasion in December, 2002 by refusing to perform his receptionist duties. Plaintiff's breach of the contract nulifies the contract.

6.    **ADMISSIONS OF FACT (PROPOSED)**

Plaintiff has filed in his First Amended Complaint an employment discrimination alleging he was discriminated and retaliated against under 42 U.S.C. §2000e-5. Plaintiff's First Amended Original Complaint alleges that Plaintiff was discriminated against because of sex and retaliated for filing an EEOC complaint, because he was assigned receptionist duties in 2000 and because he did not receive a pay raise in 2002.

Plaintiff Vidal Cantu, Jr. was employed full time with the Brownsville Navigation District

since August 27, 1993.

He was originally hired as the receptionist.

In 1994 he applied in the Finance Department with Deborah Duke for an account clerk position.

On March 14, 1994, he was promoted to accounting clerk. Plaintiff had no written contract with The Brownsville Navigation District.

He claims his job duties were changed in 2000 to include performing receptionist duties when the receptionist was on her breaks.

In January, 2003, Petra Champion, a co-worker in the Finance Department was also assigned receptionist duties.

Plaintiff has no evidence that he was supposed to have received a raise on or about 2002, which indicated that he should have earned $0.65 more than the pay raise he did receive for that year.

During his employment he consistently received pay raises.

During his employment he applied for two promotions. The first time he applied and was reassigned as accounting clerk in 1994. The second time was in 1997. The person hired in 1997 was better qualified for that position. Theses are the only times he applied for a promotion.

He is one of two males in the accounting department.

After filing an EEOC Complaint in 2001 alleging gender discrimination, he entered into the attached Mediation Settlement Agreement with the Brownsville Navigation District on May 29, 2001.

Plaintiff admits to being cross trained in 2002 and 2003.

At all times material it is undisputed that Plaintiff has been continuously employed at the

Brownsville Navigation District.

The Brownsville Navigation District is a governmental entity.

7. **CONTESTED ISSUES OF FACT**

Whether Deborah Duke was a policy maker for Brownsville Navigation District.

Whether Deborah Duke acted with authority for Brownsville Navigation District.

Whether Deborah Duke was acting at all times material in her course and scope of employment with the Brownsville Navigation District.

Whether any custom or policy was violated by Deborah Duke.

Whether Plaintiff suffered any adverse employment actions because of discrimination.

Whether Plaintiff suffered any adverse employment action in retaliation of a protected act.

Whether the adverse employment actions are actionable.

Whether Defendant's reasons for its actions were legitimate business actions.

Whether Plaintiff was retaliated against by Brownsville Navigation District policy makers after he filed his EEOC claim.

Whether Defendant's reasons for employment actions were a pretext for discrimination.

Whether Plaintiff was discriminated against because of his gender.

8. **CONTESTED ISSUES OF LAW**

Whether Defendant, Brownsville Navigation District as a governmental entity it is entitled to sovereign immunity from any State law and common law torts.

Whether, the acts of Defendant Duke are discretionary acts of individuals, performed in their capacity as governmental employees or officials in the good faith belief that the acts were legal and

appropriate. And, whether this defense to the individuals, it is also a defense to Brownsville Navigation District.

Whether Plaintiff's claims are barred because the Plaintiff has not complied with the mandatory notice requirements contained within the Texas Tort Claims Act.

Whether the Brownsville Navigation District of Cameron County, Texas has been properly served in this suit.

Whether Defendant, Duke, is immune from liability under the doctrine of governmental or official immunity.

Whether the Defendants are immune under the Texas Tort Claims Act for intentional torts, including the tort of intentional infliction of emotional distress.

Whether the elections of remedies defense pursuant to the Civil Procedures and Rem. Code § 101.106 et seq. bars Plaintiff's suit against Ms. Duke, since a suit against a governmental entity constitutes an irrevocable election of remedies and forever bars suit or recovery by the Plaintiff against the individual employee of the governmental entity.

Whether Plaintiff's breach of the Conciliatory Agreement bars recovery under his breach of contract theory.

Whether the Plaintiff exhausted his administrative remedies for his breach of contract theory.

Whether Plaintiff's claim of failure to promote in 1997 is barred by the Conciliatory Agreement or statute of limitations.

Whether Defendant is entitled to attorney's fees because Plaintiff is not a prevailing party and Defendants herein are entitled to its attorney's fees under 42 U.S.C. §1988.

23.028· Joint Pre-Trial - Page 9

Whether Plaintiff has mitigated his damages. To the extend that he has, whether there is Defendants are entitled to a reduction of damages assessed by a jury based on mitigation of damages by Plaintiff.

Whether the the statute of frauds applies to the Conciliatory Agreement.

Whether Defendant Duke is entitled to the limitation of damages set by the Texas Legislation pursuant to the Civil Procedures and Rem. Code § 108.001.

Whether the assignment of receptionist duties constitute questionable adverse employment action.

Whether Plaintiff is barred from recovery for failure to comply with the Conciliatory Agreement previously entered into by the parties and adopts the doctrine of *res judicata* pursuant to said agreement.

Whether Plaintiff's request for exemplary damages constitute a contravention of the Texas and United States Constitutions in that:

    (A)    Any award of punitive damages is arbitrary, unreasonable, excessive and in violation of the Defendants' rights to due process of law and equal protection of the law under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 13 and 19, of the Texas Constitution;

    (B)    Any award of punitive damages is in violation of the due process clause of the United States and Texas Constitution which require that punitive damages against the Defendants be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, or in the alternative, should be proved by clear and convincing standard of proof. Unless such protections are afforded to the Defendants, Defendants' rights are being violated in contravention of the Sixth Amendment to the United States Constitution;

(C)  Punitive damages under the Texas procedural law constitute an excess fine in violation of the Eighth Amendment of the Constitution of the United States.

9.  **EXHIBITS**

A.  **Plaintiffs' Exhibits**

B.  **Defendant Brownsville Navigation District and Duke's Exhibits**

See Exhibit List attached hereto as Exhibit B.

10.  **WITNESSES**

A.  **Plaintiffs' Witnesses**

B.  **Defendant BISD Witnesses**

See Witness List attached hereto as Exhibit C.

11.  **SETTLEMENTS**
Although a mediation was discussed with Plaintiff's prior counsel, since Plaintiff's counsel withdrew there have been no further discussions of settlement.  Plaintiff has remained employed with Defendant.

12.  **TRIAL**

A.  **Plaintiffs**

Plaintiffs anticipate _____ hours of testimony

B.  **Defendants Brownsville Navigation District and Duke**

Defendants Brownsville Navigation District and Duke anticipates 16 hours of testimony. Defendants Brownsville Navigation District and Duke will provide monitors and other devices, if necessary, to view exhibits and other exhibits.  However, Defendants Brownsville Navigation District and Duke request that the Court make available an interface device so that images stored on a lap-top computer may be used during trial.

13.  **ATTACHMENTS**

A.  **Plaintiffs**

**B.**    **Defendant Brownsville Navigation District and Duke**

Proposed charge, including instructions, definitions, and special interrogatories, with authority to be supplemented upon receipt of Plaintiff's proposed pretrial order and charge.

Brownsville Navigation District and Duke's /Motion in Limine to be supplemented upon receipt of Plaintiff's portion of the Joint Pretrial Order.

_____    _____
United States District Judge                              Date

_____    _____
Vidal Cantu                                              Date
Attorney *pro se*

_____    _____
Ms. Elizabeth G. Neally                              October 12, 2005
Attorneys for Defendants.                              Date
Brownsville Navigation District of
Cameron County, Texas and
Deborah Lee Duke

23,028: Joint Pre-Trial - Page 12