# EXHIBIT 50

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIDAL CANTU, JR. § | | |
| Plaintiff § | | |
| vs. § | | CIVIL ACTION NO. B-04-118 |
| § | | |
| THE PORT OF BROWNSVILLE and § | | |
| DEBORAH LEE DUKE § | | |
| Defendants | | |

## AFFIDAVIT OF DEBORAH LEE DUKE

STATE OF TEXAS         *
                       *
COUNTY OF CAMERON      *

BEFORE ME, the undersigned authority, personally appeared DEBORAH LEE DUKE, who, being by me duly sworn, deposed as follows:

1. "My name is Deborah Lee Duke. I am the Director of Finance for the Brownsville Navigation District of Cameron County, Texas. I have held this position since November 16, 1993. I am over the age of 18 years of age, I am of sound mind and I suffer no legal or other disability that would incapacitate me in any way from making this affidavit, and I am competent to testify as to the facts stated herein. Further, I give this affidavit voluntarily and without reservation. I have personal knowledge of the facts stated here and that they are true and correct.

2. "In 1993, Plaintiff, Vidal Cantu, Jr. was hired as a receptionist with the Brownsville Navigation District of Cameron County, Texas.

3. "In 1994, he applied with the Finance Department as an accounting clerk. He was transferred to accounting clerk on May 1, 1994 by me. See, Ex. E-1. On or about May, 1997, Plaintiff, Vidal Cantu, Jr. applied for the position of Bookkeeping Specialist I. I selected an applicant, Rosa Maria Hinojosa, who I deemed more qualified. Rosa Maria Hinojosa had experience in accounts receivable, collections and general ledger at Southmost Savings and Loan. Attached is the application for Rosa Maria Hinojosa, Exhibit E-2. Mr. Cantu did not. I advised Mr. Cantu of my reason for not selecting him in the attached correspondence. See, Exhibit E-3, dated May 12, 1997.

AFFIDAVIT OF DEBORAH LEE DUKE - PAGE 1
Port of Brownsville\Affidavit of Duke for MSJ

4. "In 2000 at the Port Director, Raul Besteiro's, specific request Mr. Cantu was asked to perform receptionist duties during the regular receptionist breaks and lunches and when needed because of his prior experience as a receptionist. Mr. Besteiro requested this assignment because Mr. Cantu had always performed these jobs satisfactorily and, believed he had more experience than others in my department. Since I started working with the Brownsville Navigation District in 1980 with the Finance Department it has been the Finance Department's responsibility to provide relief personnel for the receptionist. In fact in 1980, I started in Mr. Cantu's position as an accounting clerk and it was part of my duties to act as relief receptionist.

5. "In 2002, I again changed his duties reducing the amount of time he worked as a relief receptionist and had Petra Champion and others perform some receptionist duties including the lunch hour breaks. See, Exhibit E-6.

6. "At all times during his employment, Mr. Cantu received the raises that were budgeted and approved. There was never a year where Plaintiff did not get an approved raise. Only budgeted raises approved by the Commissioners for the Port of Brownsville may be implemented by payroll. Any other type of raise would be mere speculation. I never vetoed a raise that was to have been offered to Mr. Cantu. See Exhibit E-3, documents reflecting his pay increases, during his employment. I verify that at no time was Mr. Cantu denied a raise that he was entitled to.

7. "In 2001 a Mediation Settlement Agreement was entered into with the Plaintiff on or about May 29, 2001. See, Exhibit C, Mediation Settlement Agreement attached to Defendants' Motion for Summary Judgment.

8. "As a result of the Agreement, the Brownsville Navigation District of Cameron County, Texas complied with the terms by raising his hourly rate to $9.00 an hour and Mr. Cantu agreed to perform his receptionist duties.

9. "I also started training Plaintiff on the skills required for the posting of accounts receivables, preparing accounts payable vouchers and maintaining receivable logs within ten days of his signing of the Agreement. This was a slow process.

10. "In June 2001, I began training Mr. Cantu to perform accounts payable functions by giving him additional Excel worksheet projects to develop his understanding and ability to work with an Excel spreadsheet. It was not until sometime in 2002 that I felt Plaintiff had enough training to move him laterally to handle these duties.

11. "During 2002 and 2003 there were numerous problems with Plaintiff which limited his ability to grasp his job duties as is evidenced by the attached correspondence written by me or at my direction:

| | |
|---|---|
| E-5 | Correspondence to Cantu from Duke dated March 6, 2002. |
| E-6 | Correspondence to Cantu from Duke dated March 8, 2002. |
| E-7 | Correspondence to file from Duke dated June 27, 2003 |
| E-8 | Correspondence to Cantu from Duke dated June 30, 2003 |
| E-9 | Correspondence to Cantu from Duke dated July 15, 2003 |
| E-10 | Correspondence to Eymard from Duke dated July 28, 2003 |
| E-11 | Correspondence to Cantu from Duke dated December 8, 2003 |

11. "On December 8, 2003, Mr. Cantu refused to perform his duties as relief receptionist which was insubordination and in violation of the Mediation Settlement Agreement. See, Exhibit E-11.

12. "I further verify that I provided Mr. Cantu with all cross training that I thought he was capable of in the time mandated by the Mediation Settlement Agreement.

13. "At no time did I discriminate against Mr. Cantu because of his gender or because he had filed an EEOC complaint. In fact; I hired another male in my department since his complaints. Further, Mr. Cantu has received all training that he is presently capable of and will continue to be trained as needed within the Department.

14. "I certify that the attached documents are true, exact, complete, and unaltered photocopies made by me or acting at my direction of the following documents held in my custody as the Director of Finance for the Brownsville Navigation District of Cameron County, Texas:

| | |
|---|---|
| Exhibit E-1 | Correspondence to Cantu from Duke dated May 1, 1994 |
| Exhibit E-2 | Correspondence to Cantu from Duke dated May 12, 1997 |
| Exhibit E-3 | Application for Rosa Maria Hinojosa |
| Exhibit E-4 | Documents reflecting pay raises |

AFFIDAVIT OF DEBORAH LEE DUKE - PAGE 3
Port of Brownsville\Affidavit of Duke for MSJ

| | |
|---|---|
| Exhibit E-5 | Correspondence to Cantu from Duke dated March 6, 2002 |
| Exhibit E-6 | Correspondence to Cantu from Duke dated March 8, 2002 |
| Exhibit E-7 | Correspondence to file from Duke dated June 27, 2003 |
| Exhibit E-8 | Correspondence to Cantu from Duke dated June 30, 2003 |
| Exhibit E-9 | Correspondence to Cantu from Duke dated July 15, 2003 |
| Exhibit E-10 | Correspondence to Eymard from Duke dated July 28, 2003 |
| Exhibit E-11 | Correspondence to Cantu from Duke dated December 8, 2003 |
| Exhibit E-12 | Reprimand to Cantu from Duke dated December 11, 1997 |
| Exhibit E-13 | Reprimand to Cantu from Christina Valdez dated April 13, 1995 |

"Further affiant sayeth not."

Deborah Lee Duke

SWORN TO AND SUBSCRIBED before me by Deborah Lee Duke, Director of Finance/Fund Contact Administrator for the Brownsville Navigation District of Cameron County, Texas on this the 28th day of April, 2005

BEATRICE G ROSENBAUM
My Commission Expires
February 17, 2009

NOTARY PUBLIC, STATE OF TEXAS