United States District Court
Southern District of Texas
FILED

OCT 2 0 2005

Michael N. Milby
Clerk of Court

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

VIDAL CANTU, JR. §
    Plaintiff §
     §
vs. §    CIVIL ACTION NO. B-04-118
     §
THE PORT OF BROWNSVILLE and §
DEBORAH LEE DUKE §
    Defendants §

## DEFENDANTS' MOTION TO RECONSIDER ORDER DENYING THEIR MOTION FOR SUMMARY JUDGMENT AS TO BREACH OF CONTRACT

TO THE HONORABLE U.S. DISTRICT JUDGE:

The Defendants respectfully ask the Court to reconsider its previous order denying their

Motion for Summary Judgment as to the breach of contract issue only and enter a new order

granting summary judgment against the Plaintiff on the issue of Breach of Contract and would

respectfully show the Court the following:.

I.

## INTRODUCTION

1.1    The Plaintiff is Vidal Cantu, Jr.

1.2    The Defendants are The Port of Brownsville and Deborah Lee Duke.

1.3    On October 13, 2005 the Court entered its order granting the Defendant's Motion for

Summary Judgment except on the issue of a breach of contract.

1.4    The Court in its holding stated that ". . . *neither party is entitled to recession due to lack*

*of materiality. Both parties remain bound by the terms of the agreement.*" See Page 8 of the

Court's Order.

1.5    There is a Pre-Trial Conference set for October 27, 2005.

1

II.

ARGUMENT AND AUTHORITY

2.1    The Fifth Circuit, in *United State of America v. Castaneda,* 162 F.3d 832, 837 (5th Cir. 1998), [1] a case which arose out of the Southern District of Texas, held that in the context of general contract law, ". . . *we have recognized that a breach is not material unless the non-breaching party is deprived of the benefit of the bargain. The less the non-breaching party is deprived of the expected benefits, the less material the breach.*" See *United State of America v. Castaneda,* Exhibit 1.  *Hernandez v. Gulf Group Lloyds,* 875 S.W.2d 691, 693 (Tex. 1994).

2.2    The Firth Circuit further stated in *Castaneda* that ". . . *if a party's nonperformance . . . is innocent, does not thwart the purpose of the bargain, and is wholly dwarfed by that party's performance, the breaching part has substantially performed und er the contract. . .*" Id.. 162 F.3d at 838 citing *White Hawk Ranch Inc. V. Hopkins,* 1998 U.S. Dist. LEXIS 2651, No. CIV. A. 92-0CV29-DD, 1998 WL 94830 at *3 (N. D. Miss. Feb. 12, 1998).

2.3    This Fifth Circuit holding thus raises the question of whether the Plaintiff was injured by being provided the training in question past the ten days as set out in the agreement.

2.4    At issue is the Mediation Settlement Agreement which the Plaintiff has asserted is a contract. For the purposes of summary judgment only, Defendant has treated the agreement as a contract.

2.5    The point of contention is whether the Defendant complied with paragraph 3 of Exhibit A to the Agreement, which provided as follows:

"*Within ten days of receipt of a finalized copy of this agreement, charging party will institute the*

---

[1]While it is noted that this case deals a plea agreement, the Fifth Circuit nonetheless enunciates the general principles of contract law upon which it renders its holding in this case.

*following training in the areas of posting accounts receivable, preparing accounts payable*

*vouchers and maintain accounts receivable logs with no assurance of promotions at this level."*

See Motion for Summary Judgment, Ex. C, page 3, paragraph 3

2.6     According to this agreement, Plaintiff had to be trained in the areas of posting accounts

receivables and preparing payable vouchers. There is no mention or requirement of the duration

of the training. It could have lasted 10 minutes or two days and further there was no requirement

that Plaintiff have duties in these areas.

2.7     The evidence presented in Defendants' Motion for Summary Judgment shows that it is

uncontested that Plaintiff was cross-trained in 2002 and 2003. See page 5 to Defendants' Motion

for Summary Judgment, Exhibit B, deposition of Vidal Cantu pp 148-149, 100-102, 133-134.

Q.      What's TxDOT?

A.      Texas Department of Transportation.

Q.      Okay. You have a notation in here that September 12, 2002 that Debby finally

        called me in her office to train me on something called TxDOT? What - - what

        was the training you received on that?

A.      Okay. That was - - it was - - it was like a notebook that she had and there was just

        some thing on the computer with some numbers and it was basically feeding in

        some information into the computer.

Q.      Okay. That occurred on September 12, 2002, correct.

A.      Yes, ma'am.

Q.      August 3, 2002 you have a notation that - - that on this day I was allowed to start

        entering the yellow invoices that Rosie entered?

A.    Right.

See, Plaintiff's deposition, Exhibit B to Motion for Summary Judgment, pp. 148, l. 24-p. 149, l. 13.

Q.    Eventually you were cross trained, right?

A.    Partial.

Q.    Okay. But you have been partially cross trained, correct?

A.    Yes, ma'am.

Ex. B, p. 100, l. 16-20

Q.    Now , have you ever been trained in the area of posting accounts receivable?

A.    Until January 2003.

Q.    So the answer to that is yes?

A.    On January 2003.

Q.    So the answer is that is yes? Yes, January 2003, correct?

A.    Yes, which should have been done in 2001.

Ex. B, p. 132, l. 16-23

Q.    Okay. Do you know how to prepare accounts payable vouchers?

A.    Yes.

Q.    Okay. Is that some training that you received in January 2003?

A.    Yes.

Ex. B., pp. 133, l. 25-p. 134, l. 5

2.8    Further the Plaintiff admitted in his deposition that the agreement is silent as to the quantity and quality of his training.  See p. 134 of Plaintiff's deposition, attached as Ex. B to Motion for Summary Judgment.

Q.     Okay. The training was supposed to occur in ten days, but as far as how much

training you got, this does not specify, correct?

A.     No. It doesn't specify. Yeah, that's correct.

Ex. B, p. 134, l. 15-18

2.9    See also, the affidavit of Deborah Lee Duke, Exhibit E to the Motion for Summary

Judgment, which also establishes that in her opinion, Plaintiff was in fact trained in 2001 and

2002. See Exhibit E paragraphs 9, 10 and 12.

9. *"I also started training Plaintiff on the skills required for the posting of accounts*

*receivables, preparing accounts payable vouchers and maintaining receivable logs*

*within ten days of his signing the Agreement. This was a slow process.*

10. *"In June 2001, I began training Mr. Cantu to perform accounts payable functions by*

*giving him additional Excel worksheet projects to develop his understanding and ability*

*to work with an Excel spreadsheet. It was not until sometime in 2002 that I felt Plaintiff*

*had enough training to move him laterally to handle these duties.*

12. *"I further verify that I provided Mr. Cantu with all cross training that I thought he*

*was capable of in the time mandated by the Mediation Settlement Agreement.*

2.10   Thus, having substantially proven that in fact Plaintiff has received all of the benefits of

the bargain and that Defendant complied and fulfilled its part of the agreement, the Plaintiff's

claims on the issue of breach of contract should also be dismissed.

### III.

### CONCLUSION

3.0    For these reasons, the Defendant asks the Court to reconsider its Order denying their

Motion to Summary Judgment in light of the Fifth Circuit authority and dismiss the Plaintiff's

claim of breach of contract action and, therefore, dismiss Plaintiff's case in its entirety.

Respectfully submitted,

**ROERIG, OLIVEIRA, & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas  78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Counsel For The Port of Brownsville and Deborah
Lee Duke

By:_____
ELIZABETH G. NEALLY
State of Texas Bar No. 14840400
Federal Bar No. 8044
JEFFREY D. ROERIG
Texas State Bar #17161700
Federal Bar No. 1503

## CERTIFICATE OF CONFERENCE

I hereby certify that by telephone conference on <u>October 19, 2005</u>, I left a message with Plaintiff concerning the relief requested herein and did not receive any response.

Elizabeth G. Neally

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been sent to Plaintiff at:

Mr. Vidal Cantu
P. O. Box 1927
Port Isabel, Texas 78578

on this 20 day of October, 2005.

Elizabeth G. Neally