IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VIDAL CANTU, JR. § | | |
| Plaintiff § | | |
| vs. § | | CIVIL ACTION NO.  B-04-118 |
| §  | | |
| THE PORT OF BROWNSVILLE and § | | |
| DEBORAH LEE DUKE § | | |
| Defendants | | |

## DEFENDANTS' MOTION TO DISMISS FOR WANT OF PROSECUTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants The Port of Brownsville and Deborah Lee Duke in the above styled and numbered cause and files this Defendants' Motion to Dismiss for Want of Prosecution, and in support thereof would respectfully show the Court as follows:

**I.**

1. On May 23, 2005, the Court entered an Amended Scheduling Order indicating that the Joint pretrial order was due on October 12, 2005.

2. Defendant conferred with the Plaintiff by telephone on October 3, 2005regarding the deadline for filing the Pretrial Order and the necessity for filing the order and by correspondence dated October 6, 2005, attached as Ex. A, regarding his portion of the Joint Pretrial Order. Attached to the letter were the Local Rules of this Court pertaining to the Joint Pretrial Order.  Plaintiff did not provide his portion of the Joint Pretrial Order to Defendant or to the Court by October 12, 2005.  As a result, Defendant  was required to file a draft version of its own Pretrial Order.

3. Federal Rules of Civil Procedure Rule 41(b) allows the court to dismiss an action *sua sponte*

      for failure to prosecute or for failure to comply with the federal rules or any court order. The authority under Rule 41(b) flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. See *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F2d 399,401 (5th Cir. 1985) and *Link v. Wabash R.R. Co.*, 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962). See also *Ekeh v. King,* 2005 U.S. Dist. Lexis 1444, HN1 (N.D. Dallas 2005).

4.    A *pro se* litigant is responsible to prosecute his action like any other litigant. See *Aguilar v. Briar Forest Apts.,* 1999 Tex. App. Lexis 6413 (Tex. Civ. App Houston [1st Dist.] 1999) citing *Coleman v. Lynaugh,* 934 S.W.2d 837, 838 (Tex. App-Houston [1st Dist.] 1996, no writ). Local Rules for the U.S. Dist. Court for the Southern District of Texas, Rule 8 A(1) provides it is the Plaintiff's responsibility to ensure that the Joint Pretrial Order is filed on time.

5.    See also *Fontenot v. Dallas Ind. Sch. Dist.,* where the Court dismissed the *pro se* employee who sued her employer and then failed to appear at a hearing on a Motion to Compel and failed to provide responses to discovery. The Court held that F.R.C.P. Rule 41 (b) provided the court with authority to dismiss the case for want of prosecution. *Id.*, 2003 U.S. Dist Lexis 18752 HN 1(N.D. Dallas 2003)

      **WHEREFORE, PREMISES CONSIDERED**, Defendants request that an order setting a hearing on this Motion be issued; that the parties take notice of the Motion and order; that upon hearing of this matter the Court enter an Order dismissing Plaintiff's case for Want of Prosecution with prejudice and such sanctions on Plaintiff as are just and equitable.

                                          Respectfully submitted,

        ROERIG, OLIVEIRA & FISHER, L.L.P.
        855 West Price Road, Suite 9
        Brownsville, Texas 78520
        Telephone: (956) 542-5666
        Facsimile:   (956) 542-0016


By: /S/ Elizabeth G. Neally
    Elizabeth G. Neally
    State Bar No. 14840400
    Fed ID No. 8044

## CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendants' Motion to Dismiss for Want of Prosecution, to counsel of record, via U.S. Postal Service, Certified, Return Receipt Requested to wit, on this 25 day of October, 2005.

Vidal Cantu, Jr.
P.O. Box 1927
Port Isabel, TX 78578

                /s/Elizabeth G. Neally
                Elizabeth G. Neally

## CERTIFICATE OF CONSULTATION

      I, the undersigned, hereby certify that I left a message for Mr. Cantu at the last phone number indicated in his last pleading on October 25, 2005. Mr. Cantu did not return the phone message by the time of filing of said Motion.

                /S/ElizabethG. Neally
                Elizabeth G. Neally