UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| SILVESTRE MORENO, JR. | § § | |
| VS | § § | CIVIL ACTION NO. M-05-350 |
| PROGRESO INDEPENDENT SCHOOL DISTRICT and DR. FERNANDO CASTILLO | § § § § | |

**DEFENDANT PROGRESO INDEPENDENT SCHOOL DISTRICT'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW PROGRESO INDEPENDENT SCHOOL DISTRICT**, one of the Defendants in the above-styled and numbered cause, and files this its Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), and would show the Court the following:

**I.**

**UNDERLYING FACTS AND PROCEDURES**

1.  Plaintiff, Silvestre Moreno, Jr. filed his complaint against the Progreso Independent School District and Dr. Fernando Castillo, Superintendent of the Progreso Independent School District which has not been served on the Defendants. The School District would show that pursuant to Federal Rules of Civil Procedure 12(b)(6) that this case should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff in his Original Complaint claims a cause of action under the Texas Penal Code and the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983. Plaintiff claims jurisdiction under Title 28 U.S.C. §§ 1331 and 1343 [3].

2.  The premise for Plaintiff's claim is that he was suspended with pay by the

superintendent of the Progreso Independent School District, Dr. Fernando Castillo, arising out of an action arising under the 14th Amendment of the U.S. Constitution and this action is brought under Title 42 U.S.C. Section 1983. See Plaintiff's Original Complaint,

3.   It is undisputed that Mr. Moreno held a term contract with Progreso I.S.D. at all times relevant and that he continues to hold a term contract with Progreso I.S.D. for the 2005-06 school year.

4.   It is also undisputed that at no time was Mr. Moreno employed without pay pursuant to his term contract.

## II.

## CAUSES OF ACTION

5.   In his causes of action, Plaintiff claims that his 14th Amendment rights were violated pursuant to 42 U.S.C. §1983. See Plaintiff's Original Complaint, Paragraphs III and IV.

6.   In order to state a valid claim under 42 U.S.C. §1983 for deprivation of a property right, Plaintiff must 1) allege a constitutional violation of rights secured by the Constitution or laws of the United States, and 2) demonstrate that the alleged deprivation was committed by a person or entity acting under color of state law. ***Doe v. Dallas I.S.D.***, *153 F.3d 211, 215-216 (5th Cir. 1998)*.

7.   Plaintiff's Original Complaint merely states that it was wrong for the Superintendent to suspend him with pay.

8.   As previously stated at all times material Plaintiff was employed by Progreso I.S.D. and was paid during his suspension. The Texas Education Code governs the due process afforded to teachers. The policies and procedures mandated by the Board of Trustees for school district

provides for grievance procedures relating to conditions of work. See Texas Education Code §17.151. The Superintendent is specifically authorized under the Texas Education Code to initiate suspensions of employees. See Tex. Ed. Code §11.201(d)(4).

9. Plaintiff failed to avail himself of Progreso I.S.D. Board of Trustees Policies which provide for grievance procedures. These policies specified the due process procedures afforded by the Progreso I.S.D.

10. Policy DFBA (local), Ex. 1 , provides: "A term contract employee may be suspended with pay or placed on administrative leave by the Superintendent during an investigation of alleged misconduct by the employee or at any time the Superintendent determines that the District's best interest will be served by the suspension or administrative leave."

11. Policy DGBA (legal and local), Ex. 2, address Employee complaints/grievances and the procedures to be followed for each. See policies DGBA attached as Exhibit 2.

12. Defendant would show that Plaintiff has failed to exhaust his administrative remedies in a timely manner and no other due process is due him under Federal or State Law.

13. It is well established in the Fifth Circuit that there is no recognized cause of action under the Fourteenth Amendment when an employee is placed on paid administrative leave.

14. A Plaintiff when asserting a due process claim in the public employment context, must demonstrate that he has a clearly - established property interest in his employment. To succeed with a claim based on due process in the public employment context, the Plaintiff must show two things: (1) he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious. ***Richards v. City of Weatherford***, *145 F. Supp. 786, 789 (U.S.D.C., Ft. Worth 2001).*

15. Here, Plaintiff remains employed with Progreso I.S.D. as a term contract teacher, the only "property right" asserted by Plaintiff is the right that he not be suspended with pay. The Fifth Circuit has concluded that there is no such right.

16. As in *Richards*, who was also placed on paid administrative leave, it is assumed that Moreno is complaining that he was not allowed to perform his assigned duties while on administrative leave. In *Richards* the Court refers to a "plethora" of decision in the courts of the Fifth Circuit holding that a property interest does not arise from a public employee's suspension, reassignment, placement on leave, or the mere duties or responsibilities of employment. ***Id***. *at 145 F.Supp. at 791*.

17. Further, although unclear from Plaintiff's Original Complaint, there is no liberty right afforded to suspend employees under the 14th Amendment. ***Id***. *145 F. Supp. at 792 and 793*. "It is well established that retention of employment negates a person's claim that he was denied a "liberty". See **Moore v. Otero**, *557 F.2d 435, 438 (5th Cir. 1977)*.

18. As with Plaintiff's property interest claim any claim of a liberty interest should also be dismissed for failing to state a claim upon which relief may be granted.

### III.

### F.R.C.P. 12(B)6) STANDARD

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere allegations." **Elliott v Foufas**, *867 F.2d 877, 881 (5th Cir. 1991)*, while a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist. **Walker v. South Cent. Bell Telephone Co.**, *904 F.2d 275, 277 (5th Cir. 1990)*; **Ledesma v. Dillard Dept. Stores, Inc.**, *818 F. Supp. 983, 984 (N.D. Texas 1993)* (Belew, J.). Furthermore, "Conclusory allegations and unwarranted deductions [***5] of fact are not admitted as true by a motion to dismiss." **Guidry v. Bank of LaPlace**, *954, F.2d 278, 281 (5th Cir. 1992)*(quoting **Associated Builders, Inc. v. Alabama Power Company**, *505 F.2d 97, 100 (5th Cir.1974))*. The ultimate question

in considering a motion to dismiss is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff. ***Lowrey v. Texas A&M University Sys.***, 117 F.3d 242, 247 (5th Cir. 1997). ***Richards***, 145 F. Supp. at 789."

19.   Plaintiff's complaint should be dismissed pursuant to F.R.C.P. Rule 12(b)(6). Federal Courts in the Fifth Circuit have recognized that dismissal under Rule 12(b)(6) is appropriate where employees attempt to assert a cause of action under 42 USC §1983 when their sole basis is a condition of their employment, such as suspension with pay. See ***Senegal v Jefferson***, 785 F. Supp. 86, 87-88 (U.S.D.C. Beamont 1992); ***Richards***, 145 F. Supp. at 789-90; ***Thomas v. City of DeSoto***, 2002 U.S. Dist. Lexis 15696 (Dallas 2002).

**WHEREFORE, PREMISES CONSIDERED**, Defendant Progreso Independent School District prays that Plaintiff's suit be dismissed with prejudice at Plaintiff's cost and for such other and further relief to which this Defendant may be entitled, either at law or in equity.

    Respectfully submitted,

    **ROERIG, OLIVEIRA, & FISHER, L.L.P.**
    10225 North 10th Street
    McAllen, Texas 78504
    Telephone: (956) 393-6300
    Facsimile: (956) 386-1625

    **Counsel For Progreso Independent School District,**

    By:   /s/Elizabeth G. Neally
       Elizabeth G. Neally
       State of Texas Bar No. 14840400
       Federal Bar No. 8044
       ATTORNEY IN CHARGE

       Jeffrey D. Roerig
       State Bar No. 17161700
       Federal I.D. No. 1503

## CERTIFICATE OF CONSULTATION

    I, the undersigned, hereby certify that I called the number listed on the Complaint and left a message on the answering machine. He did not call back at the time of filing of the Defendants Motion to Dismiss.

                                             /s/Elizabeth G. Neally
                                                  Elizabeth G. Neally

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant Progreso Independent School District's Motion to Dismiss, to all parties of record as follows:

Mr. Silvestre Moreno, Jr. -  Pro Se
145 Las Palmas
Mercedes, Texas 78537
(956) 565-1703


Mr. Gus Acevedo
801 Del Oro Lane
Pharr, Texas 78577

via U.S. Postal Service, Certified, Return Receipt Requested on this   28   day of October, 2005

                                                /s/Elizabeth G. Neally
                                                Elizabeth G. Neally

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| SILVESTRE MORENO, JR. | § § | |
| VS | § § | CIVIL ACTION NO. M-05-350 |
| PROGRESO INDEPENDENT SCHOOL DISTRICT and LASARO RAMIREZ | § § | |

**ORDER SETTING HEARING ON
DEFENDANT PROGRESO INDEPENDENT SCHOOL DISTRICT'S
MOTION TO DISMISS**

Defendant Progreso Independent School District's Motion to Dismiss having come before this court, and the court is of the opinion that said motion should be heard;

**IT IS THEREFORE ORDERED**, Defendant Progreso Independent School District's Motion to Dismiss is hereby set for hearing on the _____ day of _____, 2005, at _____ ___.m.

**SIGNED** this _____ day of _____, 2005.

PRESIDING JUDGE

cc:   Silvestre Moreno, Jr.
      Elizabeth G. Neally

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| SILVESTRE MORENO, JR. | § § | |
| VS | § § | CIVIL ACTION NO. M-05-350 |
| PROGRESO INDEPENDENT SCHOOL DISTRICT and LASARO RAMIREZ | § § § | |

**ORDER ON
DEFENDANT PROGRESO INDEPENDENT SCHOOL DISTRICT'S
MOTION TO DISMISS**

On this day came on to be considered Defendant Progreso Independent School District's Motion to Dismiss and the Court, after reviewing the file and hearing the argument of counsel, is of the opinion that said Defendant's Motion to Dismiss is hereby GRANTED.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant's Progreso Independent School District's Motion to Dismiss is hereby GRANTED;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Plaintiff's claims against this Defendant be dismissed with prejudice with court costs to be borne by the party incurring the same.

**SIGNED** this _____ day of _____, 2005.

PRESIDING JUDGE

cc:   Silvestre Moreno, Jr.
      Elizabeth G. Neally