United States District Court
Southern District of Texas
ENTERED

NOV 0 2 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| VIDAL CANTU, JR.,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. B-04-118 |
| BROWNSVILLE NAVIGATION<br>DISTRICT, ET AL.,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§ | |

## ORDER

BE IT REMEMBERED, that on November _1_, 2005, the Court **GRANTED** Defendants' Motion to Dismiss for Want of Prosecution.  Dkt. No. 35.

## I. Background

Defendant moved for dismissal of this case for want of prosecution on October 25, 2005.  Dkt. No. 35.  The Court held a hearing on this motion on October 26, 2005, after completing the final pretrial conference between the parties.  *See* Dkt. No. 37.  At this hearing, the Court ordered the Plaintiff to submit his portion of the Joint Pretrial Order, in proper format and including all necessary information, by the close of business on Friday, October 28, 2005.  *See id*.  Plaintiff filed his portion of the order on Thursday, October 27, 2005.  Dkt. No. 39.  Defendants responded by filing a Supplemental Motion to Dismiss for Want of Prosecution, also on October 27, 2005.  Dkt. No. 36.

## II. Analysis

Plaintiff was informed by this Court that he must submit his portion of the order, that it must contain all required information, and that neither the Court, the Defendants or defense counsel, nor the Court staff was permitted to help him.  He was also notified that his status as a *pro se* Plaintiff would not provide him with reprieve from following procedural rules or from the consequences of those rules.  Finally, Plaintiff was warned

-1-

that the Court would give serious consideration to Defendants' Motion to Dismiss if Plaintiff did not file his portion of the order by the date set by the Court and with all necessary information included.

The Court has examined the Joint Pretrial Order submitted by the Plaintiff. *See* Dkt. No. 39. The Court finds that it is incomplete and inadequate, and it therefore does not comply with Chamber Rule 8 or with this Court's directive to file all necessary information. Specifically, the Court finds that, at a minimum, the Joint Pretrial Order submitted by the Plaintiff lacks a witness list, an estimation of the length of trial,[1] and the required attachments, including proposed questions for the voir dire examination and a proposed jury charge.

Under Federal Rule of Civil Procedure 41(b), "a defendant may move for dismissal of an action or of any claim against the defendant" when the Plaintiff fails to prosecute or to abide by an order of the Court. Fed. R. Civ. P. 41(b). Defendants have moved for dismissal pursuant to this rule. Dkt. Nos. 35, 36. Plaintiff failed to comply with an order of this Court and with the applicable procedural rules by filing an incomplete Joint Pretrial Order. Therefore, this Court finds it appropriate to dismiss this case.

Additionally, Rule 41(b) states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). The Court finds that Plaintiff has been afforded every opportunity to obtain new counsel, to comply with the rules, and to remedy inadequacies in his prosecution of this case. Plaintiff has consistently failed to meet deadlines imposed upon him or to submit filings that are adequate and complete. The Court finds that at this point in these proceedings it would not be proper to dismiss without prejudice. Therefore, the Court finds that this case should be dismissed with prejudice,

---

[1]The Court recognizes that Plaintiff, as a *pro se* litigant, has no experience with estimating the time of trial. The Court also notes, however, that Plaintiff has failed to even attempt to meet this requirement, that the Court cannot determine the expected length of trial because Plaintiff did not provide a witness list, and that Plaintiff was informed that his status as a *pro se* litigant did not relieve him of his obligations under the operative procedural rules.

and that this dismissal should operate, pursuant to Rule 41(b), as an adjudication on the merits.

### III. Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss for Want of Prosecution. Dkt. No. 35. The Court **ORDERS** that this case is dismissed with prejudice.

Furthermore, the Court **DISMISSES** as moot Defendants' Supplemental Motion to Dismiss for Want of Prosecution, Dkt. No. 36, and the Unopposed Motion to Extend Deadline to File Pretrial Order, Dkt. No. 30.

Finally, the Court instructs the Clerk to close this case.


DONE at Brownsville, Texas, this __1__ day of November, 2005.


Hilda G. Tagle
United States District Judge